EASTERN DIST.
*May,* 1837.

SALTER ET AL. *vs.* TOURNE ET AL.

SALTER ET AL.
*vs.*
TOURNE ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The undertaker, to remove a steam-boat from a sand bar, is entitled to recover for his services and expenses, although he was unable to succeed.

Where, on examination of the evidence and facts, it does not appear the judge *a quo* erred, his judgment will be affirmed.

This is an action instituted by the plaintiffs, to recover the sum of one thousand one hundred and thirty-four dollars, according to an account and statement annexed, for services and expenses rendered in attempting to remove the steam-boat Abeona from a sand bar in the Mississippi river, for and on account of an agreement with the defendants.

The defendants admit their contract with the plaintiffs, but aver the latter undertook to proceed to the place where the steam-boat was aground, with suitable tackle, machinery and workmen to effect a removal of the boat, and failed to provide the requisite implements and force, by which they were unable to remove said boat, to the damage of the defendants one thousand dollars, which they claim in reconvention.

Upon this issue, the case was tried before the court. After hearing the testimony, the district judge pronounced the following judgment in the case :

"The court is of opinion the evidence establishes the plaintiff's claim. It appears that Marcy, one of the plaintiffs, took the representations of the clerk of the Abeona as to her situation. She was aground, and out of water, on a sand bar, in the Mississippi river, about five hundred miles above New-Orleans. It is not so much the value of the blocks and purchases, as that of the services of Marcy, in superintending and directing the operations. He is a ship carpenter, and to leave his business and expose his health at the warm season of the year, on a naked sand bar in the Mississippi, it does not appear that the charge is excessive. These undertakings are always at the hazard of the person for whose benefit they

are undertaken. The enterprise seems to have failed for want of hands to work the machinery, and it was with the defendants to procure them. Circumstances prevented their being obtained." Judgment for the plaintiffs for one thousand one hundred and thirty-four dollars. The defendants appealed.

*Buchannan*, for the plaintiffs, urged the affirmance of the judgment, as being supported by the testimony.

*Schmidt*, for the defendants, maintained the following grounds in defence:

1. Because the evidence shows that plaintiffs did not comply with their engagements in procuring sufficient tackles and other implements for the removal of the steam-boat Abeona.

2. Because, admitting that those implements were furnished, plaintiffs are bound by their own representations, that the steam-boat could be removed in six or seven days, and are not entitled to claim any more. *Louisiana Code, articles* 1791, 1792, 1794, 1796, 1797, 1940, 1942, 1952, *and* 1960.

*Bullard, J.,* delivered the opinion of the court.

The petitioners allege that they were employed by the defendants to proceed up the Mississippi, and remove from a

*The undertaker to remove a steamboat from a sand bar is entitled to recover for his services and expenses, although he was unable to succeed.*

sand bar on which she was fastened, the steam-boat Abeona, belonging to the defendants; that they accordingly labored at the undertaking for a considerable time without success; and that their compensation was not to depend upon the result of the enterprise, but that they were to receive a stipulated price of forty dollars per day.

*Where, on examination of the evidence and facts, it does not appear the judge a quo erred, his judgment will be affirmed.*

The defendants, in their answer, admit the contract, but allege that the plaintiffs were unskillful in their operations, and did not employ sufficient and adequate means to effect their object, whereby the respondents were endamaged in the sum of one thousand dollars.

The court gave judgment for plaintiffs, and the defendants appealed.

We have carefully examined the testimony of the witnesses, and the points taken in argument by defendants' counsel, and do not perceive any error in the decree of the court below.

EASTERN DIST.

*May*, 1837.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.