## GIRAGHTY vs. SAULET ET AL.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW ORLEANS.

Where materials were furnished, and work done on the defendants' premises, and for their benefit, they are bound to pay the value, although the work was not stipulated for in the contract for other work done at the same time.

This is an action to recover the balance due on a paving contract between the plaintiff and defendants, F. Saulet, and Madame Foucher, and for extra work done in paving corners of defendants' property, according to a detailed account annexed, and with the contract between them.

The plaintiff shows, that by contract he agreed to pave the banquettes or side-walks of defendants' property, situated in the Second Municipality, for $3 25 per running foot; they paying him two-thirds, and he agreeing to look to the Municipality for the other third.   He further shows, that he completed the work, and paved the corners of their property; the latter of which he claims as for extra work done ; and that the defendants, on paying him two-thirds, received the other third from the Municipality, and refuse to pay it over, or to pay him for the extra work.   He prays judgment for a balance of $375 75 against Saulet, and $231 66 against Madame Foucher.

The defendants, in their joint answer, pleaded a general de-

EASTERN DIS.
May, 1841.
─────────
GIRAGHTY
vs.
SAULET ET AL.

nial : and averred, they were not bound by their contract to pay separately for work done on the corners, and that they had settled and paid all they bound themselves for, by the terms, of said contract.

The evidence supported the facts alleged by the plaintiff, but the Parish Judge was of opinion, the plaintiff could only recover the balance, which the defendants received from the Second Municipality, according to his contract. There was judgment for this amount in favor of the plaintiff, and the defendants appealed.

The plaintiff prayed an amendment of the judgment in his favor, allowing him his entire claim.

*Lockett & Micou*, for the plaintiff.

*Pichot*, contra.

*Morphy, J.* delivered the opinion of the court.

Plaintiff undertook to do certain paving and curbing on the banquettes of property belonging to defendants, at the price of $3 25 per running foot, of which price defendants agreed, that they should pay two-thirds, and required, that plaintiff should collect, at his own risk and charge, the remaining one-third from the Council of the Second Municipality. The work was done to the satisfaction of defendants, who made a settlement with plaintiff on the 11th of May, 1838, in which it is stated, that the settlement is not a final one, because there is some dispute or difficulty as to the work done at the several corners of the property. It is admitted, that notwithstanding the terms of the contract, defendants applied for and received from the Second Municipality the one-third of the expense of paving, which under the ordinances they were bound to pay ; the object of this suit is, to recover the difference between the amount so received by defendants for one-third of the work, and that allowed to plaintiff in the settlement, and some compensation for work done on eight corners of the property, belonging to

F. Saulet, and seven corners of that of widow Foucher. The Judge below gave judgment for the surplus of money received of the Second Municipality, but disallowed the balance of the claim. The defendants appealed ; and the plaintiff prayed for an amendment of the judgment, which he contends should have granted the whole of his demand. This case having been submitted without argument, it is not easy for us to perceive the grounds, on which plaintiff's demand is resisted. There could hardly be any dispute as to the portion of the claim allowed by the Judge below. By his contract with defendants, plaintiff was to receive $3 25 per foot for two-thirds of the work, and he was to be paid for the other third by the Municipality at the usual price, which we understand is $3 50 per foot. The defendants who have received this difference, are clearly bound to pay it over to plaintiff, who under his contract was entitled to it. We cannot see any more difficulty in the other part of the claim. Defendants engaged to pay $3 25 per *running foot*, without any reservation whatsoever ; materials have been furnished, and work has been done at the corners of their property as well as in the other parts of it. Had they intended, not to pay any thing for that portion of the banquettes at the corners, which is not exactly in front of their property, they should have made a stipulation to that effect ; plaintiff would or would not have assented to it ; but having made no such reservation, and having suffered plaintiff to do this part of the work, as well as the rest, defendants are bound to compensate him for it. We understand, that it is customary with the Second Municipality, not to pay any proportion of that part of the work ; and that this is the ground, on which the claim is resisted. If such was the well known rule or usage in the Second Municipality on this subject, defendants must have expected to pay the whole cost of that portion of the banquettes; for it cannot be supposed, that they intended to have left it undone. Their refusal to pay appears to us the more unreasonable, as plaintiff has deducted from his claim one-third of the cost of this part of the work ; thus placing them in the same

EASTERN DIS.
May, 1841.

GIRAGHTY
vs.
SAULET ET AL.

Where materials were furnished and work done on the defendants' premises and for their benefit, they are bound to pay the value, although the work was not stipulated for in the contract for other work done at the same time.

EASTERN DIS. situation, as though the Municipality had contributed their or-
May, 1841. dinary proportion of the expense.

It is therefore ordered, adjudged and decreed that the judg-
ment of the Parish Court be reversed ; and proceeding to give
such judgment, as in our opinion should have been rendered
below : It is ordered and adjudged, that plaintiff do recover
from François Saulet three hundred and seventy-five dollars and
75 cents ; and from widow Foucher the sum of three hundred
and forty-five dollars and 66 cents ; and that each of said de-
fendants pay one-half of the costs in both courts.