## SAMUEL F. HILLMAN v. JAMES CAGE.

APPEAL from the District Court of Terrebonne, *Nicholls*, J.

*J. C. Beatty*, for the plaintiff.

*Connely*, for the appellant.

GARLAND, J.   This suit is brought to recover the sum of $770 06, for work as a brick mason, performed by the plaintiff on the sugar house mentioned in the case of *Mooney and another* v. *Cage*, just decided, and for making a number of bricks, not mentioned in that case.   The principal part of the work charged, is for building chimnies to the sugar house, paving the molasses cisterns, constructing the engine walls, altering parts of the work previously performed, and finishing the establishment.

The defendant denies that he contracted with the plaintiff to do the work, but avers, that he contracted with John M. Brooks to do it, and that Hillman was employed by him.   He alleges, that there is no privity of contract, and that the suit ought to be dismissed. It is denied that the work was properly executed, and alleged that the prices charged are too high.

In the answer of the defendant to the petition of Mooney and another, he states, that he had been obliged to employ Brooks to do this work, as they would not do it, and that he had been obliged to give an additional price.   In the contract it is stated, that the customary price for building chimnies to sugar houses is higher than for laying bricks in an ordinary wall.   The evidence shows, that the work was performed.   Some of the charges are shown to be too high.   It appears that Mooney and his partner quitted the work on the sugar house, because the defendant did not furnish the materials for them to go on ; and that after Brooks was engaged to do the work, he employed Hillman and transferred his contract to him, not being able to perform it.   Brooks says, that it was understood, or agreed, that the defendant was to pay the plaintiff for the work, and that he has no claim upon the former for it.   The defendant has used the buildings, and there is no evidence of the work not having been properly executed.

The jury gave a verdict for the plaintiff for $733, making a de-

duction from the sum claimed. From the judgment rendered on this verdict, the defendant has appealed.

It is very certain that the defendant has had the benefit of the plaintiff's labor and services. He does not show that he ever paid Brooks any thing for the work. He knew that the plaintiff was engaged on it; and we cannot doubt that he understood then, that he was to pay him, and not Brooks. The defendant contends, that as the plaintiff did the work, he should not charge more for laying bricks than the price mentioned in the contract with Mooney and his partner, as, by it, all the brick work was to be performed by them. After the failure of the defendant to furnish materials to those contractors, and their leaving the place, it does not appear that he ever called on them to return; and his entering into an engagement with another, might well induce the belief that all parties considered the contract at an end. An examination of the testimony satisfies us that the jury has arrived at a just conclusion.

*Judgment affirmed.*