## CAMFRANCQ *v.* PILIE et al., Executors.

Services, proved to have been useful and laborious, rendered to a sick person, by a nurse, who visited him at his request, defraying herself the expenses of conveyance to his residence, will not be presumed to have been gratuitous.  *Nemo præsumitur donare.*

THE plaintiff appealed from a judgment of the Court of Probates of St. Bernard, *Rousseau,* J.

The judgment of the court was pronounced by

SLIDELL, J.  In this case, the plaintiff, who is a free woman of color, claims

CAMFRANCQ
*v.*
PILIE.

of the succession of *Hiligsberg*, wages for services as a nurse, and the reimbursement of monies expended for the benefit of the deceased, in purchases for him, for household use. The claim is resisted on the plea that the services were gratuitous, that receipts, found among the papers of the deceased, show that he repaid her disbursements, and that a portion of the claim for wages is barred by the prescription of one year. There is also a general denial.

As regards the disbursements for purchases, they are for the most part exhibited in a manner too loose to enable us to found a judgment upon them.

As to the wages for services, it appears that during a long time preceding *Hiligsberg's* death, the plaintiff was in the habit of frequently going to see him. As these earlier visits are not shown to have been upon his requisition, as there seems to have been a relation of friendship and kindness originating from the plaintiff's parentage, and as it is not shown that the plaintiff had been in the habit of making charges, or receiving payment, for her earlier and less onerous services, we do not feel authorized to allow the claim for them. But it is shown by the testimony of two physicians that, for a period covering several months antecedent to *Hiligsberg's* death, the nurse was sent for, at his request, when he was suffering, in the same manner as the physician; that her services were very useful and very laborious; and that she was obliged to furnish the means of conveyance, at her own expense, from the city to his country residence. These expenditures are proved to have been at the rate of from two to five dollars a visit, according to the condition of the roads. During the last three months of his illness, it appears that the plaintiff neglected almost entirely her own household and avocations, to attend upon the deceased.

If this plaintiff had been in a similar condition of life with the deceased, there would be some reason to suppose that her visits were testimonials of gratitude and friendship. But she is a colored woman, and the deceased was a white man, possessed of a large estate. We may certainly apply with justice, in such a case, the maxim, *nemo præsumitur donare*; and, without some satisfactory evidence that she intended them to be gratuitous, we would do wrong to suppose that these long and patient services were gratuitously rendered to a rich man by this humble woman, at an evident sacrifice of her money and time, when she might have employed herself elsewhere profitably, in earning her daily bread.

It is true, as urged by the defendants, that gratitude for benefits received, or the hope of future favor, is a sufficient foundation for a contract; and that gratuitous contracts are expressly recognized in our law. But it must be remembered, on the other hand, that, according to the elevated morality of the civil law, no one ought to enrich himself at the expense of another; and that, where a party calls upon another to do a thing, the law, in the absence of contrary proof, supposes an obligation to pay for what is done. For actions without words, either written or spoken, are presumptive evidence of a contract, when they are done under circumstances that naturally imply a consent to such contract. See Civil Code, art. 1810, 1960.

The principle "nemo præsumitur donare" was carried so far in the Roman law that, in the case of a *negotiorum gestor*, the greatest proximity of relation, even that of mother and child, was not sufficient to found a presumption that, the expense which one has laid out for another was intended as a mere bounty.

We think the amount of $200, allowed by the court below, too small; and give judgment for the services of plaintiff during the last year, for the sum of four hundred dollars.

 

It is therefore decreed that the judgment of the Court of Probates be reversed, and that there be judgment for the plaintiff against the succession of *Hiligsberg*, for the sum of $400, with costs in both courts.

*J. Seghers*, for the appellant. *A. Pilié*, *Bodin* and *Bernard*, for the defendants.