No. 6794.

| 30 | 609 |
|----|-----|
| 109 | 456 |

JOHN LARRIEUX ET AL. VS. CRESCENT CITY LIVE STOCK LANDING AND SLAUGHTER-HOUSE COMPANY.

When three individuals, not partners, or otherwise associated in business, whose rights are several, and distinct, unite in one petition and claim that by some alleged wrong of the defendant, they will be jointly damaged to the extent of only one thousand dollars, this court will not have jurisdiction, since the interest of each plaintiff is less than five hundred dollars.

APPEAL from the Third District Court, parish of Orleans. *Monroe, J.*

*E. K. Washington* for plaintiff and appellant.
*Robert Mott* for defendant and appellee.

ON MOTION TO DISMISS.

The opinion of the court was delivered by

SPENCER, J. Plaintiffs, alleging themselves to be three butchers on the Algiers side of the river, set forth that the defendant by its charter was required to maintain its grand slaughter-house on that side of the

river; that it had been so adjudged and decreed by the Supreme Court; that in disregard of its charter, and in defiance of said decree, it had not re-established its said slaughter-house on said Algiers side of the river; but was nevertheless disturbing them in their business as butchers, and threatening to prosecute and imprison them for carrying on their occupations. That said company had no right to interfere with them, until it had complied with its charter and said decree, by re-establishing said grand slaughter-house, with capacity for slaughtering five hundred animals per day, on the said right bank. That if said company be permitted to continue its illegal interference with petitioners, they will be damaged in a sum of $1000. Wherefore they pray an injunction to restrain the company from so doing.

The judge *a quo* granted a rule *nisi* on defendant to show cause why an injunction should not be granted. After hearing the court refused the injunction. Thereupon plaintiffs moved for an appeal, which being denied, they applied to this court for a mandamus, which was granted *nisi*—but not heard as the judge *a quo* acquiesced and granted the appeal, which is now before us.

Appellee has moved to dismiss this appeal on several grounds, of which it is necessary to notice but one, that is, want of jurisdiction.

Plaintiffs in their petition do not pretend to have any joint interest in the issues of this suit. They are not partners, nor otherwise associated in business. If the defendant has wronged them, it is as separate and distinct individuals, and their rights and actions in damages are several, and in no wise legally inseparable. Threats and wrongs against one are no concern or business of the others. In other words, their rights and remedies are separate, several, and distinct. Their allegation is that by the threatened wrongs the defendant will damage them (three of them) in the sum of $1000.

This averment does not disclose an interest in any one of the plaintiffs exceeding $500 in amount. It states the aggregate of the damage to be suffered by the three, without distinguishing the shares of either. The allegation is therefore at most that each of the plaintiffs will suffer damage to the amount of $333⅓, which is a sum below the jurisdiction of this court. In Stevenson vs. Weber, 29 An. 108, this court held that "plaintiffs can not give jurisdiction to the district court by aggregating their own interests on one side and opposing them to the interests of sundry persons, holding distinct rights, aggregated on the other side." That was where a large number of tax-payers, alleging that their aggregate taxes exceeded $500, united and sued sundry creditors of the parish to annul judgments obtained by them in the parish court, each judgment being for less than $500, but aggregating many thousands of dollars. That case therefore goes to the extent of holding that when

persons have several and distinct rights, they can not by uniting and aggregating them, even when no misjoinder is pleaded, give jurisdiction to a court which would not have jurisdiction of their several separate demands. See, also, Dyas vs. Dinkgrave, 15 An. 503.

It is therefore ordered that the appeal be dismissed at costs of appellants.