No. 13,752.

EUGENE MUGNIER VS. THEODORE DENDINGER.

## SYLLABUS.

#### ON THE PRINCIPAL DEMAND.

1. When an employee, whose pay has not been fixed, has rendered services (evidently services rendered for remuneration), the employer is liable for their value. The court sustains plaintiff's demand for services rendered in an amount shown to be due by the preponderance of the testimony, it being evident that each party (employer and employee) contemplated, at the time the services were rendered, that something would be due in compensation.
2. Plaintiff was in charge of business for the defendant, as made evident by the testimony, and the services of the former were not those of a mere workman, laborer, or servant, for his wages, and are, therefore, not subject to the prescription of one year.

#### ON THE RECONVENTIONAL DEMAND.

3. Plaintiff and defendant were in account, one with the other. Selecting the items of the account and allowing those that the evidence shows are due, the court holds that the defendant is entitled to the amount which is, therefore, credited on the judgment.
4. There being a balance due after allowing the reconventional demand, a judgment is accordingly rendered.
5. Judgment amended and, as amended, is affirmed at plaintiff's and appellant's costs.

A PPEAL from the Sixteenth Judicial District, Parish of St. Tammany—*Reid, J.*

*Benjamin Moore Miller* for Plaintiff, Appellee.

*Stephen D. Ellis* (*Benjamin Rice Forman,* of counsel) for Defendant.

The opinion of the court was delivered by

BREAUX, J. This is an action brought by the plaintiff to recover a balance of two thousand and fifteen dollars, for services rendered by him to the defendant while in the latter's employ.

Plaintiff avers that the work for which he claims remuneration was performed by him about defendant's bar-room, butcher shop and other business in which defendant was engaged. He claims for this labor, as

having been performed, from the 21st day of October, 1892, to the 6th day of June, 1899, and sets forth that it was worth the amount of forty dollars per month, amounting to the sum of three thousand two hundred and twenty dollars. In his petition, plaintiff admits that during the period he was in the service of the defendant, the latter furnished him board and lodging which were worth the sum of ten dollars per month, amounting to eight hundred and five dollars, and that defendant paid him from time to time money and goods to the amount of five hundred dollars, entitling defendant to a total credit of one thousand three hundred and five dollars, leaving on this account (that is the labor and service account) a balance due the plaintiff of one thousand nine hundred and fifteen dollars.

Plaintiff claims that in 1898 he loaned one hundred dollars to the defendant, which is still due him, thus making his claim, after deducting the credits to which he admits the defendant is entitled, two thousand and fifteen dollars.

The judge of the District Court found that the defendant is indebted to the plaintiff in the sum of fourteen hundred and twenty dollars. He allowed defendant's credits to the amount of eleven hundred and five dollars on his reconventional demand. Plaintiff, in his answer to the appeal, sets out that the judgment of the District Court in his favor should be sustained and affirmed, save that the judgment should be amended by increasing the amount to the amount claimed and prayed for in his petition.

The defendant appeals from the judgment and urges that he, instead of being a debtor, is entitled to a judgment against plaintiff in the sum of twelve hundred and four 66-100 dollars.

Hereafter, in passing upon the plea of prescription of one and three years pleaded by plaintiff in bar of defendant's reconventional demand and, on the other hand, the plea of prescription pleaded by defendant in bar of plaintiff's demand, we shall take notice of the fact that plaintiff and defendant were in account, one with the other. In 1892, plaintiff became a servant or mere laboring employee of the defendant. From the position of mere laborer, plaintiff, while in the defendant's employ, we have noted, rose high enough to become a money lender to his employer. There were different pursuits which required the attention and care of this employer. He was the owner of a bar, a butcher shop, a barber shop; he was a farmer, he hauled freight, drove cattle, dug wells, and followed other pursuits as they presented themselves.

It appears that plaintiff was young, active, and industrious. He was useful as an employee and was trusted by his employer. He had charge of some of the varied pursuits of the employer, and, we infer, managed them as he, to some extent at least, deemed proper. He had a place at his employer's table and for a considerable time occupied one of his employer's houses. The daughter of the employer became his wife and it follows that he became one of his employer's family.

We have seen that the plaintiff values his services at forty dollars per month. This brings up the first question for our consideration, being the claim for services rendered by plaintiff to defendant as an employer. He values these at the rate of forty dollars per month, making the total allowed by the judgment for three years prior to the date the suit was brought. (There were claims for work performed and services rendered, prior to the three years before the suit was brought, which were rejected, as prescribed, by the District Court). We agree with this part of the judge's decision, as well as the decree in so far as it found the value of plaintiff's services as being as before stated. We also agree with the judgment as relates to the one hundred dollars lent. The amount of this loan is not denied by the defendant, who virtually admits that it has not been returned. This completes our review of plaintiff's claim for work and services.

With reference to the reconventional demand, plaintiff specially attacks three items allowed by the judgment appealed from, on the ground that these claims are not sustained by the evidence. We will give these claims further consideration and decide them in a moment, while passing upon defendant's argument in support of his claims pleaded in his reconventional demand.

The defendant filed an exception that the plaintiff's petition is vague and indefinite. We pass to his answer, as we have not found that his exception raises objections sufficient for the dismissal of plaintiff's suit.

We do not consider that defendant's claim for board should be increased. The facts of the case lead us to infer that the amount admitted by plaintiff as due by him for board is ample compensation. The question of whether it was defendant's intention to charge is not one, in view of the circumstances, to which we deem it proper to give a controlling effect in any event. A number of the debits and credits of plaintiff and defendant seem to have been charged without giving notice of the intention to charge for the value of the work done or service rendered. As relates to the debits and credits, one of the parties

was as silent and indifferent as the other. There is testimony sustaining defendant's charge that plaintiff rendered services of very little, if of any, value. Others, and they constitute the weight of the testimony, are equally as positive that they were worth the amount before stated. Several witnesses testified that they were worth the amount charged and his board. We think it proper, as before stated, not to make any change as relates to the item for board.

Plaintiff admits that the defendant paid him at different times in goods and money the sum of five hundred dollars, including, as we take it, a bill for groceries of one hundred and seventy-seven dollars, not included, defendant urges, in the first mentioned amount. The facts show, we think, that it must have been included in the amount just stated above. The evidence sustains the admission as to its correctness only in case this last sum be taken as going to make up these five hundred dollars.

The charge for rent allowed is larger than is claimed in the pleadings. In the answer, and in the defendant's brief, the sum is set out as being one hundred and eight dollars, which appears correct when considered with reference to the testimony as relates to this item.

Plaintiff owes for watermelons which were cultivated and sold for account of his employer, the defendant, in the amount of twenty-five dollars. The item for the swine slaughtered by plaintiff and disposed of for his account is increased to sixty dollars. Plaintiff took possession of thirty-two head and has eleven remaining. The value of those slaughtered, it is stated in evidence, is three dollars each.

The facts in evidence render it evident that the friendship which existed between the employer and the employee was succeeded by anger and dislike. Such conditions and changes are unfavorable to correct accounts running over a number of years of business between parties. We have selected from the testimony, which is exclusively oral, such items of debit or credit as we think supported by the preponderance of the testimony. Stating the account, it stands as follows:

Amount due plaintiff ...............................$1450 00

Due defendant for money and goods admitted by plaintiff to
    have been received ................................. 500 00
House rent ........................................... 108 00
Cash received from sale of hides ......................... 58 00
Bill collected for meat ................................. 50 00
Stoves .............................................. 14 00
Hogs ............................................... 63 00
Chickens ........................................... 5 00
Watermelons ........................................ 25 00

                                                $ 823 00
Board .............................................. 330 00

    Total amount allowed on reconventional demand........$1153 00

It is therefore ordered, adjudged and decreed that the judgment appealed from be amended by allowing the demand on reconvention to eleven hundred and fifty-three dollars ($1153.00), leaving a balance due by defendant to plaintiff of two hundred and ninety-seven dollars ($297.00).

As thus amended the judgment appealed from is affirmed at appellee's costs.

Rehearing refused.