ROGERS, J.
 

 The plaintiffs are Clay Naquin, Clovis Naquin, Mrs. Sidonia Naquin Boudreaux, Mrs. Lena Naquin Lasseigne, and Miss Agnes Boudreaux. The defendants are Maurice Polet and Etienne Naquin. All the parties litigant, with the exception of Miss Agnes Boudreaux, are the surviving children of Mrs. Elvire Lasseigne, widow by first marriage of Pelix Polet and widow by second marriage of Ernest Naquin, now deceased. Miss Agnes Boudreaux is the granddaughter of the deceased, Mrs. Elvire Lasseigne Na-quin.
 

 Plaintiffs brought this suit for a partition in kind of the property of the de cujus, alleging that she died intestate. Plaintiffs also demanded that the defendants collate the sum of $600 each, which it is alleged defendants received from their deceased mother as a donation, loan, or advance.
 

 Shortly after this suit was filed, Maurice Polet and Etienne Naquin, in turn, sued the plaintiffs herein. In the second suit, plaintiffs alleged the death of their mother and the heirship of all the parties. They alleged that their deceased mother left a will in nuncupative form by public act executed before the clerk of court and ex officio notary publie of the parish of Lafourche on or about July, 1919; that the will was delivered without recordation by the notary to the attorney of the testatrix; that the will had been lost, and they were entitled to prove its legality and its contents; that, together with Leonard Polet, a predeceased son of the testatrix, they were given, in addition to their heritable share, the disposable portion of the testatrix’s estate. Plaintiffs prayed that, after proof of the loss, legality and contents of the instrument, the will be ordered executed according to its tenor, and that Etienne Naquin
 
 *624
 
 be appointed and confirmed as dative testamentary executor, and that all proceedings in tbe prior suit be stayed pending the decision in this suit.
 

 Both suits, by agreement, were tried jointly. The court below found that a will had been made by the deceased, Mrs. Elvire Na-quin, as alleged by the plaintiffs in the second suit. The court accordingly rendered judgment in that suit ordering that the will be executed according to its tenor, and that Etienne Naquin be appointed dative testamentary executor.
 

 The court below rendered judgment in the first suit dismissing plaintiffs’, demands for an equal division of the deceased’s estate and for collation of the amounts donated to the plaintiffs, Maurice Polet and Etienne Na-quin, reserving to plaintiffs all their rights under the will of Mrs. Elvire Naquin as established in the second suit. The present appeal is from this judgment.
 

 The defendants and appellees have moved to dismiss the appeal on the ground that in taking the appeal, the plaintiffs and appellants did not apply for nor obtain an order directing the service of citations of appeal on the appellees, and that, as a consequence, no such citations have been issued and served.
 

 An examination of the record discloses that appellees’ contentions are well founded. The appeal herein was applied for by petition, and the order thereon was granted in chambers. There was no demand in the prayer of the petition for citations upon the appellees, and no such citations were ordered issued and served. Hence the omission to cite the appellees is attributable to the appellants and not to the clerk or the sheriff. The appeal must be dismissed. Vide, Ducre v. Succession of Ducre, 167 La. 133, 118 So. 864, and authorities therein cited.
 

 For the reasons assigned, the appeal herein is dismissed, at the cost of the appellants.
 

 ST. PAUL, J., recused.