HAMITER, Justice.
 

 The devolutive appeal in this cause and also the devolutive appeals in 35 So.2d 736,
 
 [1]
 
 35 So.2d 736,
 
 [2]
 
 and 35 So.2d 736,
 
 [3]
 
 were ■taken by Harry W. Belfor from judgments decreeing him to be without interest to oppose certain items in the liquidation proceedings of the Hibernia Bank & Trust Company of New Orleans.
 

 The State Bank Commissioner and the Liquidator have filed motions to dismiss the appeals in all four cases, they assigning various grounds for the dismissal. No brief in opposition to the motions has been submitted by appellant.
 

 The order of appeal in this cause (No. 38,900) was entered on May 23, 1947, and the court at that time designated July 21, 1947, as the return date. On four separate occasions thereafter the appellant applied to this court for orders, and they were granted, extending the time for filing the transcript of appeal, the last application having been filed on January 21, 1948. Pursuant to it an extension was permitted until February 21, 1948. The several applications were supported by affidavits of the Clerk of the Civil District Court in which he stated in substance that his failure to timely complete the transcript was due to the voluminous record in the liquidation proceedings and the congestion of work in the transcript department of his office.
 

 The appeals in the other three cases were ordered on October 9, 1947, and made returnable on December 4, 1947. In connection with each of these appellant obtained two extensions of time for filing the transcript (the last ending February 19, 1948); his applications therefor having been supported by affidavits, similar to those above
 
 *793
 
 described, of the Clerk of the Civil District Court.
 

 The power and authority of this court to grant an extension for the filing of a transcript of appeal is governed and controlled by the provisions of Article 883 of the Code of Practice. This article provides : “If the appellant has not filed in the .Supreme Court, on the day appointed by the inferior judge, the record from the court below, and was prevented from doing so by any event not under his control, he may either in person or by attorney apply to the court before the expiration of three days, * * * and may demand
 
 sl
 
 further time to bring it up, which may be granted by the court if the event causing the delay be proved to its satisfaction;
 

 The extensions with reference to the four appeals in question were ordered on appellant’s showing (the submitted affidavits) of an event apparently not under his •control which was that the clerk of court was unable to timely prepare the transcripts on account of the voluminous record in the proceedings, it consisting of 24 volumes and approximately 2,000 documents. In their motions to dismiss the appeals, however, appellees maintain that this court was misled by appellant, in his applications for the extensions, as to the real reason for the delay and for the clerk’s inability to prepare the transcripts in time. They charge, among other things, that the only cause therefor was appellant’s neglect in not informing the clerk as to the particular documents from the voluminous record required to be incorporated in the transcripts. And in substantiation of the charge they direct attention to an affidavit of the clerk of court, dated February 20, 1948, and furnished with the motions to dismiss, and also to another affidavit of that official, dated February 6, 1948, and submitted in connection with appellees’ previously filed motions to rescind and recall an order extending the return date.
 

 These affidavits disclose that the clerk of court at numerous times, prior to and after October 9, 1947, requested appellant to designate which of the documents comprising the liquidation proceedings record were to be incorporated in the transcript of appeal, and he was promised on each occasion that the information would be furnished “within a few days.” But despite the promise it was not forthcoming until January 30, 1948, after appellant had requested the execution of an additional affidavit, to permit the securing of a further extension, and affiant had declined to give it. Three days later, or on February 2, 1948, preparation of the four transcripts was commenced, and all were completed, and delivered to appellant, within a period of 18 days thereafter.
 

 That only a comparatively short period of time was needed for the preparation is also evidenced by the transcripts themselves. To provide the four of them the clerk was required to make a total of only
 
 *795
 
 134 double spaced typewritten pages; and all pages are not full, some containing three or four lines.
 

 Under these circumstances we must and do hold that some, if not all, of the orders granting extensions of time to appellant in connection with each appeal were improvidently issued, and, hence, the four appeals should be dismissed. Had appellant promptly notified the clerk of court as to the documents needed, as was frequently requested of him, obviously the transcripts would have been completed and filed at least within the periods covered by the first extensions of the respective return days, if not prior to the dates on which the appeals were made returnable originally. This being true some of appellant’s repeated assertions — that he was prevented from filing the transcripts in this court by an event not under his control- — were inaccurate, incorrect and improper. And without such assertions the extensions would not have been granted.
 

 Our holding herein is in keeping with the decision of this court in Rex Realty Company, Inc., v. Howard’s D. G. S., Inc., 186 La. 867, 173 So. 513. Therein the de-fendant was granted orders of appeal on July 8, 1936, the appeal being returnable on September 4, 1936. On August 25, 1936, it filed a devolutive appeal bond, and two days later applied for an extension of the return date until November 4, 1936. The extension was granted on the strength of a certificate of the clerk of the district court stating that the work in his office was congested. Thereafter plaintiff moved to dismiss the appeal and attached to its motion an affidavit of the district court clerk to the effect that the transcript would have been completed by the original return date if the appellant had filed the bond within a reasonable time after the appeal was ordered. In sustaining the motion we cited numerous decisions of this court and commented: “From the foregoing facts, it appears clear to us that it was entirely the fault of defendant and appellant that the transcript was not prepared and filed in this court on September 4, 1936, the original return day. The unusual delay of seven weeks in filing the devolutive appeal bond by the defendant and appellant made it impossible for the clerk’s office to prepare the transcript between August 25 and September 4, 1936. Therefore, the necessity for asking for an extension of time was due entirely to the procrastination of the defendant and appellant. Under such circumstances, the appeal should be dismissed * * * ”
 

 For the reasons assigned the motion to dismiss the appeal is sustained, and the appeal is dismissed at appellant’s costs.
 

 [1]
 

 213 La. 797.
 

 [2]
 

 213 La. 797.
 

 [3]
 

 213 La. 798.