71 So.2d 551

**BASCLE et al. v. PEREZ et al.**

Nos. 41185, 41186.

Feb. 15, 1954.

Rehearing Denied March 22, 1954.

Dodd, Hirsch & Barker, John P. Nelson, Jr., New Orleans, for plaintiffs-appellants.

Richard A. Dowling and James R. Pertuit, New Orleans, for defendants-appellees.

HAWTHORNE, Justice.

Plaintiffs Harold L. Bascle and Donald Bascle instituted this suit seeking to recover from defendants Horace R. Perez and Peter A. Rauch in quantum meruit for services rendered and performed by them in the repairing, renovating, and remodelling of a building in which Perez was to operate a cocktail lounge. Plaintiff Harold L. Bascle alleged that he worked for a period of 39 weeks, for which he should receive compensation at the rate of $100 per week, or a total of $3900. Plaintiff Donald Bascle alleged that he worked 16 weeks, for which he should receive compensation of $70 per week, or a total of $1120. Defendants denied the allegations of plaintiffs' petition, and after trial on the merits there was judgment in the lower court against Horace R. Perez in favor of Harold L. Bascle in the sum of $1950, representing 39 weeks at $50 per week, and in favor of Donald Bascle in the sum of $800, representing 16 weeks at $50 per week. Plaintiffs' suit as

against Peter A. Rauch was dismissed. Plaintiffs have appealed to this court, praying that the judgment rejecting their demands against Rauch be reversed, and that the amount awarded to each be increased to the amount prayed for against both defendants. The defendant Perez has also appealed seeking a reversal of the judgment against him.

Although there was only one suit filed by these plaintiffs and only one judgment rendered in the court below, two separate appeals were filed in this court, one by plaintiffs-appellants, No. 41,185 on our docket, and one by the defendant Perez, No. 41,186. These appeals were consolidated in this court, as both were from the same judgment rendered in the lower court.

In this court defendant-appellee Peter A. Rauch has filed a motion to dismiss plaintiffs' appeal based on the following facts:

The judgment in this case was rendered in the lower court on January 13, 1953. On February 4 plaintiffs Harold and Donald Bascle obtained an order of appeal returnable on February 25 to the Court of Appeal for the Parish of Orleans, conditioned upon their furnishing bond. Citations to answer this appeal returnable to the Court of Appeal were served on defendants Perez and Rauch, but the appeal bond to perfect this appeal was never given by plaintiffs. On February 20 plaintiffs filed what they styled a supplemental and amended motion in the lower court praying for an appeal to the Supreme Court. Pursuant to this motion an order was granted making the appeal returnable to this court on February 25, upon plaintiffs' furnishing bond in the sum of $250. In this motion plaintiffs-appellants *never prayed that defendants-appellees be cited to answer the appeal, and consequently they were not cited to answer the appeal to this court.*

On February 24 plaintiffs filed a motion praying for an extension of time in which to file the transcript in this court. Attached to this motion is an affidavit of the deputy clerk of the lower court in which he swore that the transcript had not been completed because the appeal has been erroneously applied for returnable to the Court of Appeal instead of to the Supreme Court. This court thereupon signed an order extending the return day for filing the transcript to March 26. On March 25 a motion for a further extension of time was filed, and this court signed an order extending the return day to April 23. On April 13 the appeal bond was filed in the lower court, and the transcript of appeal was lodged in this court on April 20.

In appellee Peter A. Rauch's motion to dismiss, filed on January 15, 1954, he urges three grounds for dismissal of plaintiffs' appeal as to him: (1) Failure to serve the motion of appeal upon appellee Rauch and to cite him to appear and answer the appeal in this court; (2) failure of the appellants to file their appeal bond timely, and (3) failure of the appellants to file their transcript of record timely.

■ Defendant-appellee Rauch's motion to dismiss is well founded, and appellants' appeal as to him will have to be dismissed because they did not pray in their motion for appeal to this court for service of citation of appeal upon appellee, and appellee was not cited. This omission, which was entirely appellants' fault, was a substantive defect and not merely a technical one, and is ground for the dismissal of the appeal. McCutchen v. Hudson, 132 La. 177, 61 So. 157; State v. Salmen Brick & Lumber Co., 149 La. 968, 90 So. 273; Investors' Mortgage Co., Inc., v. Aleman, 165 La. 104, 115 So. 383; Ducre v. Succession of Ducre, 167 La. 133, 118 So. 864; Naquin v. Naquin, 170 La. 621, 128 So. 655.

■ Appellants contend that citation of Rauch was unnecessary under Article 574 of the Code of Practice because their motion for the appeal to this court was made in open court. This rule does not apply here. The article of the Code of Practice in providing that citation is not necessary in the event the order of appeal is granted in open court did not contemplate such a case as this, where an appellant changes the court for the return of his appeal and obtains two orders to different courts for the same appeal. Since the appellee by the citation under the first order of appeal had actual knowledge that an order of appeal had been obtained to the Court of Appeal, it would be unreasonable to charge him with legal or constructive knowledge of the second order obtained to the Supreme Court. The appellee had the right to rely on the citation and service which was made upon him informing him that the appellants had appealed to the Court of Appeal. In Hymel v. Illinois Cent. R. Co., 116 La. 42, 40 So. 525, the syllabus by the court reads: "If, after obtaining an order of appeal on motion in open court, an appellant obtains a second order of appeal on motion, the appellee must be cited under the second order." Appellee should therefore have been cited under the second order of appeal made returnable to this court.

■ Appellants also argue that service of citation of the appeal to this court was waived by the appellee Rauch's making an appearance in this court and urging other grounds for dismissal of the appeal as to him. Since appellee Rauch urged want of citation as his first ground for dismissing the appeal, he did not waive citation of appeal although he thereafter urged additional reasons, because none of these, that is,. failure of the appellants to file the appeal bond and their transcript of record timely, pertains to the merits of the appeal.. Schmitt v. Drouet & Rabasse, 42 La.Ann.. 716, 7 So. 746; Colbert and Snider v. Alphonse Brenner Co., Inc., 8 La.App. 605. In Richardson v. Louisana Ry. & Nav. Co.,. 153 La. 803, 96 So. 662, 664, this court said:

"* * * In such appeals [appeals to the Supreme Court], if the appellee has other grounds to urge, but which at least are those that must be urged within three days after the filing of the transcript, or else be

considered as abandoned, *the appellee is permitted to embody in his motion to dismiss for want of citation such other grounds, provided he urges as the first the failure to cite him.* Were it otherwise, under the rules of practice applicable in this court, the appellee would be forced to abandon his exception, based on the want of citation, or his remaining grounds for dismissal, since, if he excepted to the citation before availing himself of those grounds, the time would expire within which to urge them, before the objection to the citation could be disposed of, and the law contemplates that he should be permitted to urge all grounds. * * * Hence the general rule that an appearance for any other purpose than to except, because of the absence of citation, cures the defect, necessarily admits of an exception in appeals to this court, but even in such appeals, when the appellee moves first to dismiss on any other ground, and then makes a similar motion, based on the want of citation, the defect caused by a failure to cite him is cured. Hefner v. Hesse, 26 La.Ann. 148. * * *" (Italics ours.)

█ Even if appellee had waived service of citation of appeal by urging other grounds in his motion to dismiss, the appeal would nevertheless have to be dismissed as to him for appellants' failure to file the transcript timely.

█ The order of the lower court made the appeal returnable to this court on or before February 25, 1953, and plaintiffs' first motion seeking an extension of time in which to file the transcript discloses by the affidavit of the deputy clerk of the lower court attached thereto that the transcript had not been filed in this court because "the appeal was erroneously applied for, returnable to the Court of Appeal for the Parish of Orleans, whereas the jurisdiction is in the Supreme Court". Under Article 883 of the Code of Practice this court may grant an extension in which to file the record in this court if appellant was prevented from filing it by some event not under his control. In the motion in this case the reason given by appellants for failure to file the transcript on or before the return day fixed in the order of the lower court shows that the failure was entirely their fault and was not due to an event not under their control. Consequently our order extending the return day was granted improvidently and without authority of law. This irregularity under the jurisprudence of this court is cause for dismissal of the appeal provided the motion to dismiss is filed within the three legal days after the return day allowed for answering the appeal. Thibodeaux v. Cayard, 52 La.Ann. 1374, 27 So. 737; Rex Realty Co., Inc., v. Howard's D. G. S., Inc., 186 La. 867, 173 So. 513; D'Angelo v. Nicolosi, 188 La. 326, 177 So. 64; In re Hibernia Bank & Trust Co., 213 La. 790, 35 So.2d 733.

█ Appellants contend that the motion was not filed in time here. Although the motion was not filed within three days of

the extended return day, it was nevertheless timely filed because that three-day delay could not apply to an appellee who should have been but was not cited. Vezich v. Macalusa, La.App., 167 So. 889. Article 886 of the Code of Practice, which fixes the period of time in which an answer must be filed by the appellee, provides that the appellee shall "within three days after the time allowed him for appearance by the *citation of appeal,* file with the clerk his answer in writing to such appeal". This article therefore has no application here.

Since we have concluded that plaintiffs-appellants' appeal as to defendant-appellee Rauch should be dismissed for the reasons set out hereinabove, it would serve no useful purpose for us to discuss the third ground urged by the appellee for the dismissal of the appeal, that is, the delay in filing the appeal bond.

Defendant Horace R. Perez, who, as stated before, also appealed, did not file a motion to dismiss plaintiffs' appeal, but appeared in this court and argued the case on its merits. We now have for our consideration Harold and Donald Bascle's appeal as against the defendant Perez and Perez's appeal in which he seeks a reversal of the judgment condemning him to pay the respective amounts to Harold and Donald Bascle.

Plaintiffs Harold and Donald Bascle joined together for the purpose of bringing this action against the defendants for the amounts of $3900 and $1120 claimed respectively by them to be due for work performed on a building. These plaintiffs are not partners and have no relationship to each other that would give them a common interest. Each has a separate claim for labor performed, and they joined together for convenience only in bringing this suit.

The amount in dispute as between the plaintiff Donald Bascle and the defendant Perez does not exceed $2000, and consequently this court does not have appellate jurisdiction under Article 7, § 10, of the Constitution. It is well settled that jurisdiction cannot be conferred on this court by cumulating separate and distinct claims. Larrieux v. Crescent City Live Stock Landing & Slaughter-House Co., 30 La.Ann. 609; Southern Timber & Land Co. v. Wartell, 109 La. 453, 33 So. 559; Alessi v. Town of Independence, 142 La. 338, 76 So. 792; State ex rel. Langlois v. Lancaster, 218 La. 1052, 51 So.2d 622; Jackson v. Perkins, 221 La. 525, 59 So.2d 708. The appeal of Donald Bascle and the appeal of Horace R. Perez insofar as it affects the claim of Donald Bascle must be transferred therefore to the Court of Appeal for the Parish of Orleans, since the amount in dispute as between these two individuals is below the jurisdictional amount of this court.

On the merits there remains for our consideration only the claim of Harold L. Bascle. On his appeal to this court he seeks an increase in the award to him, and Perez in his appeal contends that this plaintiff is not entitled to any award.

The plaintiff Harold Bascle adduced proof that the defendant Horace R. Perez requested him to perform certain work in the repairing, renovating, and remodelling of a building in which Perez was to operate a restaurant and cocktail lounge. There was no agreement between these parties as to the rate of wages or the amount of compensation. During the remodelling of the building plaintiff performed labor and rendered services for a period of 39 weeks, working usually six days a week and as much on some occasions as 14 hours a day. He sometimes worked on Sundays and on occasions until one or two o'clock in the morning. In the scope of his work he plumbed the building, assisted in landscaping the grounds, did paving, carpentry, painting, and with the assistance of others steel and iron work including welding, and rendered general assistance. Moreover, he acted somewhat in the capacity of a supervisor of the entire job, selecting the paints, signing the dray receipts, and checking the materials received, and some of the materials purchased were invoiced in his name. He planned a great deal of the work which was done on the building. The defendant Perez did not testify in the case, and consequently there is no denial from him as to the time worked and the character of the services performed by this plaintiff.

■ Under these circumstances the defendant Perez is bound to compensate the plaintiff Harold Bascle for his services and labor. As was said in Doll v. Albert Weiblen Marble & Granite Co., Inc., 207 La. 769, 22 So.2d 59, 60, " * * * the jurisprudence of the courts of this state [is] to the effect that where one employs the services of another without specifying what compensation will be paid therefor, or where one avails himself of the services of another in the performance of a task, he is bound to compensate the person so employed or who performs such a service. Salter v. Tourne, 11 La. 99; Giraghty v. Saulet, 18 La. 539; Hillman v. Cage, 6 Rob. 499; Camfrancq v. Pilie, 1 La.Ann. 197; Waterman v. Gibson, 5 La.Ann. 672; Beall v. Van Bibber, 19 La.Ann. 434; Succession of Pereuilhet, 23 La.Ann. 294, 8 Am.Rep. 595; Craven v. Board of Levee Com'rs, 51 La. Ann. 1267, 26 So. 104; Mugnier v. Dendinger, 104 La. 767, 29 So. 345; Succession of Palmer, 137 La. 190, 68 So. 405; Clark v. City of Opelousas, 147 La. 1, 84 So. 433; Kernaghan & Cordill v. Uthoff, 180 La. 791, 157 So. 595; Burk v. Livingston Parish School Board, 190 La. 504, 182 So. 656; Hinkle v. City of West Monroe, 196 La. 1078, 200 So. 468; and Mobley-Rosenthal, Inc., v. Weiss, La.App., 152 So. 589. This jurisprudence is founded on the moral maxim of the law that no one ought to enrich himself at the expense of another. Article 1965 of the Revised Civil Code."

■ The trial judge in awarding to plaintiff Harold Bascle $50 per week for 39 weeks, or a total of $1950, concluded that the work which this plaintiff had done was that usually performed by a semi-skilled

laborer, and not work of a specialized character for which he should receive high compensation. We think that this award was inadequate and does not fully compensate plaintiff for his services and work performed. It is significant that Perez himself offered to plaintiff in settlement of his claim a larger amount than was awarded to him by the judgment of the lower court. Evidently the trial judge did not take into consideration the long hours of labor performed daily by this plaintiff for six days a week or that he was acting somewhat in a supervisory capacity. It may be true that he is not a skilled laborer in all the various fields of work which he performed, but there is not any doubt that skilled laborers do perform the kinds of work he performed, and no complaint is made by the defendant as to the quality of his work. Under these circumstances and facts we think that an award of $80 per week for 39 weeks, or a total of $3120, will do justice between these two parties.

During the cross-examination of plaintiff Harold Bascle it was brought out that, while the work was being done, the defendant Perez was short of cash and informed the plaintiffs that he would "take care" of them as soon as he sold his Palm Street property, and this property on the date of the trial had not been sold. Relying on this testimony, the defendant-appellant Perez in this court contends principally that his obligation was subject to a potestative condition which never happened. The record does not sustain the contention of Perez that this plaintiff ever agreed that remuneration for his services would depend upon sale of the Palm Street property, and the evidence as a whole refutes that Perez himself had any such understanding. We do not find that the obligation of Perez to pay was a conditional one, and, the work having been performed by this plaintiff, Perez was obligated to pay him.

For the reasons assigned, the defendant-appellee Peter A. Rauch's motion to dismiss the appeal of the plaintiffs Harold and Donald Bascle is sustained. The appeal of the plaintiff Donald Bascle and the appeal of the defendant Horace R. Perez insofar as it concerns the claim of Donald Bascle are transferred to the Court of Appeal for the Parish of Orleans, provided that the record is filed in that court within 30 days from the date on which this judgment shall become final; otherwise these appeals will be dismissed. The judgment of the lower court in favor of the plaintiff Harold L. Bascle and against the defendant Horace R. Perez is amended by increasing the award to the sum of $3120 and as thus amended is affirmed. The defendant Horace R. Perez is to pay all costs of appeal in this court.

HAMITER, J., concurs in the decree.