REDMANN, Judge.
Defendant’s appeal seeks decrease of a judgment for $2,685 for attorney’s fees and plaintiffs’ answer seeks its increase to $7,500. Without reaching the argued issues of the amount and worth of the time spent by plaintiffs in working on defendant’s employment contract (for which alone suit was brought although other unpaid services were years earlier rendered), we reduce the judgment to $600.
The overriding problem in this case is that plaintiffs, having no express agreement on fees with their client and no past course of dealings which would inform defendant of their charges, failed to advise defendant that the cost of preparing his routine employment contract was rocketing past the reasonably expectable. In attorney-client contracts as in all others, oral as well as written, “if the doubt or obscurity arise for want of necessary explanation which one of the parties ought to have given, . . . the construction most favorable to the other party shall be adopted . . . ”, La.C.C.1958. We rule that the agreement implied a reasonable fee for the apparently uncomplicated work undertaken, and that plaintiffs’ silence, as to increase in fee as their- time increased inordinately, obliges a construction most favorable to defendant.
When one employs a lawyer for professional services and the amount or measure of the lawyer’s fees is not expressly agreed upon, there is a contract, including an implied promise to pay the lawyer “the value” of those services within the principle of La.C.C.1816:
Actions without words, either written or spoken, are presumptive evidence of a contract, when they are done under circumstances that naturally imply a consent to such contract. To receive goods from a merchant without any express promise, and to use them, implies a contract to pay the value. .
See Camfrancq v. Pilie, 1846,1 La.Ann. 197; Bascle v. Perez, 1954, 224 La. 1014, 71 So.2d 551; C.C.1903; Comment, 1976, 50 Tulane L.Rev. 631, 637-640.
In late 1972, an employee who went to a lawyer for embodiment into legal form of a $2,000 per month, five-year contract of *291 employment whose terms have largely been settled would reasonably expect to pay a few hundred dollars for the lawyer’s services. Practicing lawyers testified at trial that their fees for the contract in question — the value of their services — would have been $150 or $250 or so. Those lawyers also testified that if appreciably more time than anticipated began to be consumed, for any reason, in the contract preparation, they would notify the client that charges would exceed the normally expecta-ble.
The evidence does support plaintiffs’ position that they spent considerably more time than one might expect. To some extent, it also establishes that defendant was aware of, and in fact caused by telephoning and the like, a few hours of the extra time. Nevertheless plaintiffs never advised defendant that the time was getting out of hand, that their fees would be substantially more than might reasonably be expected (even allowing for extra time required by defendant himself).
We are not unaware of the admonition of Succession of Butler, La.1974, 294 So.2d 512, that the trial judge in attorney’s fee cases has broad discretion in fixing “quantum meruit” (a theory of recovery questioned by Oil Purchasers, Inc. v. Kuehling, La.1976, 334 So.2d 420). Our disagreement, however, does not proceed from a re-estimation of the amount or value of plaintiffs’ time (for which the trial judge’s estimate appears unassailable). Our disagreement proceeds from our view that the law obliged plaintiffs to give a “necessary explanation”, C.C.1958, before the time spent exceeded the reasonably expectable, and that plaintiffs’ failure to give that explanation obliges us to construe the contract as one for the reasonably expectable fée irrespective of the actual amount of time plaintiffs spent. The reasonably expectable fee was initially about $300, and the increase attributable to defendant’s own unnecessary expenditure of plaintiffs’ time brings the maximum allowable, in our view, to $600.
Judgment reduced to $600 with interest from date of trial court’s judgment; costs to be equally divided.