## No. 11,896.

### SUCCESSION OF MRS. LIZETTE KREKELER.

It is of the nature, but not of the essence, of mandate that it be gratuitous Without express agreement courts may infer an implied contract to pay from the nature of the services and the relations of the parties.

APPEAL from the Civil District Court for the Parish of Orleans. *King, J.*

*Buck, Dinkelspiel & Hart* for Appellees.

*L. L. Levy* for Appellant:

Where an agent has rendered important services to his principal, although there was no contract for compensation, and the principal has died intestate and without final settlement with the agent, the latter is entitled to compensation from the succession. Succession of Fowler, 7 An. 207.

It is not of the essence of mandate that it be gratuitous. The right to compensation may be inferred or implied from the nature of the services. R. C. C., Art. 1764, par. 2; Waterman vs. Gibson, 5 An. 672; Elkin vs. Elkin, 11 An. 225; Gottschalk vs. Jennings, 1 An. 5.

Where such services have operated to the manifest benefit and advantage of the estate, it can not be a question that a reasonable compensation will be allowed. *Neminem opportet alterius damno locupletari.*

---

The opinion of the court was delivered by

FENNER, J. Wm. Krekeler, the husband of Mrs. Lizette Krekeler, died on March 13, 1890, leaving an estate consisting of some

movables and several houses and lots, valued altogether at $4873.90, belonging jointly to his succession and his widow as partners in community. He left no forced heirs.

Mrs. Krekeler was nearly 70 years old, in infirm health, weighing nearly 350 pounds, unaccustomed and unable to attend to business.

She sent for an acquaintance, Charles Kummel, and asked him to take charge of her interest and attend to her affairs and property, which he agreed to do. He attended to the opening of her husband's succession in her behalf as surviving wife, managed the property, attended to repairs, paid the taxes, collected the rents and did all her business for her. As indicated, the property belonged to the community, and Mrs. Krekeler, under the law would only have enjoyed the usufruct of the husband's half, which, at her death, would have passed to his heirs. But Mrs. Krekeler informed Kummel that her husband had made a notarial will in 1858. Search in his house and papers failed to find the copy. Attention was turned to notarial records. The counsel and notary of the succession made diligent search without avail. Mr. Kummel himself made active efforts to find it. After all others had abandoned the search as fruitless, he discovered the will in the records of the notary Coffey, indexed by mistake under the letter " C," instead of " K."

The will made Mrs. Krekeler sole universal legatee. It was probated and she went into possession of the entire estate as sole owner on the 4th of December, 1890. Very shortly afterward, on December 21, 1890, she died suddenly in church.

Her succession was opened and is under administration by the public administrator, to whom Kummel presented a bill for $500 for services and $22 for expenses. The administrator admitted the claim and placed it on his account. The heirs of Mrs. Krekeler opposed it, and from a judgment maintaining the opposition and rejecting the claim for services, Kummel prosecutes this appeal.

The opposition came with a bad grace from the heirs who profited so directly by Kummel's services, and we think the judge erred in maintaining it.

We can not distinguish the case from Waterman vs. Gibson, 5 An. 672, where we said: " It is said that a contract of mandate is presumed to be gratuitous, unless there has been a contrary agreement. Under our code, which has modified the principles of the Roman law, it is not of the essence of mandate that it should be

gratuitous.    And, in our opinion, it is not necessary for an agent to establish an express agreement that he should have a pecuniary remuneration for his services.    Courts may infer such an agreement from the nature of the employment and the relations of the parties. It would be unreasonable to look upon the undertaking of the defendant as a mere *office d'ami.*"    See also Succession of Fowler, 7 An. 207; 3 Baudry Lacantinerie No. 908; 27 Laurent, No. 346.

This record exhibits no relations between Kummel and the deceased except those of long acquaintance.    He is not shown to have been a relative or even a very close friend, or to have been under any obligations of any kind, or to have derived any advantage from his employment.    Aside from such relations, the services are certainly of a character which no person would be expected to render gratuitously.    There is nothing in the evidence intimating that either party expected or intended that they should be gratuitous.    The sudden death of Mrs. Krekeler, before any occasion for settlement had arisen, robs of significance the failure to make the claim during her lifetime.    We see no reason to doubt that, had she lived, Mrs. Krekeler expected to pay and would have paid a reasonable compensation for these services.

Considering, however, the value of the estate and that its entire revenues for the time of services did not exceed $500, we are disposed to think the charge somewhat excessive, and that an allowance of $300 in addition to expenses will suffice.

We have considered the suggestion as to our jurisdiction, but think it is disposed of by our decision in Brierre vs. Creditors, 43 An. 423.

It is, therefore, ordered and decreed that judgment appealed from be amended by increasing the amount allowed Charles Kummel from $22 to $322, and that, as thus amended, the same be affirmed, appellee to pay cost of appeal.