Dauenhauer and Husband vs. Succession of Brown.

## No. 11,612.

MRS. MARGARET DAUENHAUER AND HUSBAND VS. SUCCESSION OF SAMUEL BROWNE.

The services for which compensation is claimed were rendered to an old man, who was sick and in need of special care.

He owned considerable property, but was penurious.

Although there was no contract for compensation, the law gives plaintiffs an action to recover a reasonable compensation for services rendered the deceased, in his lifetime, under the circumstances developed by the evidence in this case.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor, J.*

*Henry P. Dart* for Plaintiff, Appellee.

*G. V. Soniat* for Defendant, Appellant.

The opinion of the court was delivered by

BREAUX, J.  Plaintiffs' claim from the succession of Samuel Browne the sum of three thousand six hundred and fifty dollars, for personal services rendered during one year preceding his death. The plaintiffs are poor; the husband is a journeyman painter.  They were his tenants, and under an agreement with them they gave him his board, lodging and washed his clothes, in consideration of the rental of the property they occupied as tenants.  He was an old man;  about one year before his death he became feeble, and frequently ill, and at times was physically incapable of taking care of himself.  The plaintiff, Mrs. Dauenhauer, nursed him and attended to his wants in his helpless condition, and discharged menial services about his person.

He was a bachelor, had no kindred near him.

The inventory of his estate at his death amounted to more than sixty thousand dollars.  The witnesses testify that he denied himself the comforts of life in his eagerness to accumulate money.

The suit was instituted against his executors, who, for answer, pleaded a general denial.

The case was tried by a jury, who found a verdict for the plaintiffs for twenty-eight hundred dollars.

The executors have appealed.

The plaintiffs sue on a *quantum meruit,* for the services rendered as they are not included in the terms of the contract to which we have referred *supra.* He received plaintiffs' care, acknowledged that they were highly useful to him, but never fixed any compensation. The weight of the testimony makes it certain that she did render services for which she should be paid. They were known at the time. The evidence does not disclose any attempt on her part to recover for services to which she would not have had a right had she insisted upon payment prior to his death.

Her failure to present her claim to the deceased under the circumstances can not defeat her just claim from the succession. Gaines vs. Succession of Del Campo, 30 An. 245-246.

It remains for us to fix the amount of the compensation to be allowed the plaintiffs.

The learned judge of the District Court, in overruling the motion for a new trial presented by the defendants, expressed the opinion that the amount of the verdict was " exorbitant."

To avoid the delay and expense of another trial the motion was denied by him.

The verdict in so far as relates to the amount can not be given the consideration for which the plaintiffs contend. It is not supported by an unqualified opinion of the lower court. Moreover, it is not sustained by the evidence.

The following is applicable to the case at bar: "And for two other striking and many minor reasons, we do not feel authorized to adopt, as the measure of his remuneration, the large estimate made by the witnesses.

" 1. The claimant might have insisted, *which in all cases is the true course,* on a precise and definite understanding with his employer. He being a man, not only not generous, but penurious, would in all probability have insisted on a small compensation, although payable only when their relations should terminate; and having the right to do we must consider his views as well as those of his agent.

" In the next place, notwithstanding the judicious and successful administration of Fowler's property, *yet the agent was able to devote.all the time necessary to carry on the large mercantile business of his own house, which was greatly aided in its operations by the discounts of Fowler, although based upon the principle of interest."* Succession of Joseph Fowler, 7 An. 207-212. (Italics ours.)

The plaintiff did not insist upon an understanding in regard to her compensation, and her time was not entirely taken up in rendering the services for which she claims payment.

In the Del Campo case, *ubi supra*, the claimant washed and cooked for the defendant. She was near him night and day; the old man could not use his hands; she dressed and rendered him menial services, for which she was allowed two dollars and thirty cents a day. In the case at bar we think three dollars a day would be a fair compensation for a year's services preceding the death of the late Mr. Browne.

It is therefore ordered, adjudged and decreed that the verdict of the jury and the judgment of the court be amended by reducing the amount allowed from twenty-eight hundred dollars to one thousand and ninety-five dollars ($1095); as amended the judgment is affirmed at appellees' costs.