## No. 11,926.

### SUCCESSION OF MRS. ANNA MCNAMARA.

Where experts are sworn as to the value of services and differ materially in their estimates it is safe to accept the lowest estimate.

Where services are rendered of a valuable nature in the expectation of being remunerated in the will of the person to whom they are rendered and an implied promise to that effect has been held out to the party performing the same, and he is not mentioned in the will, he will be entitled to reasonable compensation out of the estate of the deceased.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor, J.*

*John J. O'Connor* and *Frank McGloin* for Executor, Appellant.

*Fred. Adolph* for Knecht.

*Dart & Kernan* for Appellees.

Argued and submitted December 17, 1895.
Opinion handed down January 6, 1896.

The opinion of the court was delivered by

McENERY, J. The opponent, Dr. Mainegra, claims one thousand dollars for professional services to the deceased.

The deceased was assaulted in an attempt to rob her. She received lacerated wounds on the hands, wrists, on the back and nose. For these injuries the services rendered were applying salves, antiseptics and bandages. No bones were broken and no surgical operation was performed. From the injuries received there was a suppression of urine and the bladder was emptied several times by proper appliances. Twelve visits were made to the deceased. All these services were within the duties of an ordinary, or what is called a family physician, to distinguish him from the specialist.

Expert testimony was received as to the value of these services. As usual in such cases, there is a wide range in speculation. We will accept the estimate of Dr. Brickell, the lowest made, in connection with the disease with which it is said the deceased was afflicted, which made the dressing of her wounds not only disagreeable but dangerous. This estimate is ten dollars a visit. This ruling is in accordance with the doctrine announced in Hart vs. Dreyfous, 42 An: 631; Succession of Duclos, 11 An. 406; Collins vs. Graves, 13 An. 96.

The opponent, Knecht, claims one thousand two hundred and twenty dollars, seven hundred and twenty dollars for services rendered to the husband of the deceased for six years and more, at the

rate of ten dollars per month, and for services and attention to the deceased five hundred dollars. The opponent was in the employment of a firm at a stated salary of eighty-three dollars and thirty-three cents per month. Three nights in the week he was at leisure at 6 P. M., and the remaining nights at 9 o'clock. These leisure hours were devoted to the service of the deceased husband. In the language of the opponent these services consisted in keeping a correct account of moneys collected, making deposits in bank, and corresponding with his principals, and collecting money for rent. The engagement was for ten dollars per month. After a service of two months he asked for a settlement, but was induced not to press the same because of certain inducements or implied promises, made to him by the husband. These "expectations" had reference to the future disposition of the husband's property, in which the opponent expected to be remembered. He made no further demand on the husband, and made no demand against the wife after his death. He was disappointed in getting anything from the husband, and he failed to be remembered in the will of the deceased wife, to whom he continued his services. Having been thus disappointed in being remunerated for his services, he filed his opposition to the account of the executor, and claimed ten dollars per month as originally agreed upon between him and the husband.

His services were those of clerk, and are prescribed by three years. This prescription is pleaded. The opposition was filed 16th March, 1894. His claim for services to March 16, 1891, were prescribed. He is entitled to recover for clerk's hire from this date to the death of the husband, one year and eight months, two hundred dollars. Colley vs. Latourette, 7 An. 222; Alexander vs. Alexander, 12 An. 588.

His services to the widow McNamara were of the same character as those given to the husband, with the addition of personal services to the deceased, such as changing her clothes, washing her face and feet. There was no agreement or contract with the deceased, the opponent, we presume, fully expecting a remembrance in her will. He is, however, entitled to recover for the value of his services. Dauenhauer and Husband vs. Succession of Brown, 47 An. 341.

We think three hundred dollars will be ample compensation for all the services he rendered the deceased for the nine months he devoted to her.

It is therefore ordered, adjudged and decreed, that the judgment appealed from by the opponent, Dr. Mainegra, be amended so as to place him on the account as a creditor for the sum of one hundred and twenty dollars, and the judgment in favor of the opponent, Knecht, be affirmed, and in all other respects the judgment be affirmed, Dr. Mainegra to pay costs of the appeal of his application —the succession to pay all other costs.