(43 South. 1009.)

No. 16,374.

## STEWART v. SOUBRAL & TUCKER.

(April 29, 1907.    Rehearing Denied May 27, 1907.)

1. PRINCIPAL AND AGENT—REMUNERATION.

Although the general rule is that the contract of agency is gratuitous, remuneration is sometimes allowed.

2. SAME — TRAVELING SALESMAN BECOMES SPECIAL AGENT.

At first compensation was not mentioned. In time plaintiff was specially requested to find a purchaser. The request was joined with or formed part of a written statement that, if the services expected were rendered, plaintiff would receive a compensation.

3. SALE EFFECTED.

A purchaser was found and a sale made. Thereafter the defendants sent an amount to plaintiff, which he declined to accept as inadequate.

As the services were worthy of remuneration, held an amount should be paid usually paid to the regular broker for similar services. The minimum usually charged is allowed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Principal and Agent, § 216.]

(Syllabus by the Court.)

Appeal from Twenty-Seventh Judicial District Court, Parish of St. James, Paul Léche, Judge.

Action by James A. Stewart against Sobral & Tucker. Judgment for defendants, and plaintiff appeals. Amended and affirmed.

Lyle Saxon and Henry George Stewart, for appellant. Edward Nicholls Pugh and Walter Lemann, for appellees.

BREAUX, C. J.    We have before us for decision a question growing out of the claim of James A. Stewart for $3,050 as commission on the sale of Oak Alley plantation, owned at one time by the defendant partners. The price for which the plantation was sold was $61,000. Hotard and Pittman were the buyers.

One of the members of the firm, to wit, Mr. Soubral, was on friendly terms with the plaintiff.

The plaintiff, while on his round of busi-ness, stopped for the night at the home in the country of Mr. Soubral. During the evening, while conversing with him, Soubral expressed himself as not pleased with his occupation as a planter; that the machinery on the place gave him some trouble. It was during the grinding season. He said that he was becoming old and wished to give up the management of the plantation. Thereupon the plaintiff said to him that he would find him a purchaser. To this defendant consented.

The evidence is in some respects conflicting between plaintiff and this defendant.

It is not denied that plaintiff was requested to find a purchaser. The defendant did not fix a price for the property, but said to the plaintiff that he must first find a purchaser, and that then the price would be discussed.

Plaintiff also resides in the country. He sometimes sells property on commissions. He is a traveling salesman for several houses. He is not a real estate broker or agent, but sometimes attends to the sale of real estate when requested.

The plaintiff was well acquainted from boyhood with Mr. Hotard, whom he met and informed of the wish of the owners to sell their plantation. As Hotard was anxious to buy a place, plaintiff gave him the address of defendants and in time the sale was effected.

It was unquestionably owing to plaintiff's agency that defendants and the buyer were brought together to confer about the sale.

There are letters which have received our attention. In the first of these letters in the point of date, defendants, Soubral & Tucker, wrote to plaintiff, informing him, in answer to one of his (plaintiff's) letters requesting information, of the number of acres Oak Alley plantation contained, the number under cultivation, the nature of the soil, and stated, further, that it would be

best for the intending purchaser to come to the place and see for himself; that the terms would be favorable, and as, for *"the matter of commissions, we will be reasonable"* (italics by writer of letters), and they expressed the hope that they would soon hear from plaintiff.

In their second letter, shortly before the sale was effected, they expressed themselves as still anxious to find a purchaser, and that they would thank plaintiff very much to find a buyer.

A few weeks after they again wrote to plaintiff that after the sale would be consummated *"they would compensate plaintiff fairly for his trouble."* (Italics by writers.)

The question for decision is whether the services were gratuitous or not.

The defendants evidently intended to compensate the plaintiff for the services rendered. Their letters and the $100 offered by them for the service are complete evidence of that fact.

The procuration is gratuitous says the Code, art. 2991.

But, where the services are valuable and onerous compensation has been allowed guardedly, it is true, it may almost be said reluctantly, for opportunity for abuse would easily present itself if there were too many exceptions to the general rule.

The court was particularly prudent in its expressions in a recent case, and, while allowing compensation, stated with clearness that it must be quite evident that valuable and onerous services have been rendered. There should not be the least doubt in regard to the value and onerousness of the services. Beugnot v. Tremoulet, 52 La. Ann. 454, 27 South. 107.

In the present case the services were of some value. It is not at all probable that the particular purchaser would have been found had it not been for the special agency of the plaintiff as a procuring cause. In the letters to which we have referred, and in all the dealings between the parties, it looks as if defendants availed themselves of the traveling salesman's occupation, which brought him in contact with many persons, to find a buyer.

Before taking up the matter of the amount, we will briefly refer to the authorities upon the subject of compensation to an agent.

The first is the Succession of Krekeler, 44 La. Ann. 726, 11 South. 35, in which the court held that a contract may be implied from the nature of the services and the relation of the parties.

In the case here there was a complete agreement.

In another case (Waterman v. Gibson, 5 La. Ann. 673) the court in a similar case held it would be unreasonable to look upon the undertaking of the plaintiff as a mere office d'ami.

Where it is evident that gratuitous service is neither expected nor intended there should be compensation. Succession of Fowler, 7 La. Ann. 207.

The French authorities have gone even further in maintaining claims for remuneration under exceptions to the general rule.

Laurent says:

"The exception has nearly done away with the rule." Volume 17, verbo "Mandat."

The conclusion before expressed brings us to consider as to the amount which should be allowed. That offered by defendant, viz., $100, is entirely too small (which plaintiff declined to accept on that ground). It is not at all adequate.

The defendants offered no testimony regarding value, but plaintiff had three auctioneers and real estate agents examined under commission, who reside in New Orleans, and who testified as to customary charges and what they had charged for selling property situated in the country. The commission increases all the way up to 10 per cent. The minimum, 2 per cent. The latter commission was only faintly referred to.

It all has the appearance of being high where the amount is large.

We have to determine upon an amount as due. We adopt the minimum.

Our learned Brothers of the circuit court of the Orleans circuit of appeal have decided a somewhat similar case and arrived at a similar conclusion. They very properly held that remuneration is due *"where it is usual to pay and the services are valuable and onerous."* (Italics ours.) John Heffner v. Joseph Gabarino, 2,864 of the docket of that court.

The following is an abbreviation from the French authorities upon the subject here:

A compensation should not exceed the limit of a moderate recompense. Carpentier Repertoire, vol. 27, p. 118, § 625.

Everything considered, we agree upon the sum of $1,220 in full payment.

For reasons stated, it is ordered, adjudged, and decreed that the judgment appealed from is amended by increasing the amount allowed from $100 to $1,220, with interest thereon at 5 per cent. per annum from judicial demand. It is further ordered, adjudged, and decreed that the defendants are condemned to pay both the costs of this court and the district court.

After amendment as above stated the judgment is affirmed.