His Honor, EMILE GODOHAUX,
rendered the opinion and decree of the Court, as follows:
Plaintiff, who conducts a detective agency, sues defendant for compensation for services rendered in obtaining for her a settlement with the lawyer she had employed to'represent her in connection with her husband’s .succession. The trial Court dismissed the suit on the ground that plaintiff had agreed to render his services gratuitously and he now appeals.
While the testimony is contradictory, still, an analysis of the record shows that the following facts at least are undisputed:
. That plaintiff’s sole business is that of detective; that prior to this transaction he and defendant were strangers to each other; that at the suggestion of her sister who was acquainted with plaintiff through having employed him on another occasion, defendant consulted plaintiff with reference to investigating and securing >a settlement of the account rendered her by the lawyer she had employed in the matter of her husband’s succession, and who, as was subsequently ascertained by plaintiff, had converted '■to his own use three notes of $500 each and another of $3,- ! 300 belonging to'the succession; that through plaintiff’s •efficient and persistent efforts extending over a period of several months, payment in full in principal and interest of the three notes of $500 each was obtained, and in ad'dition thereto defendant likewise secured from her defaulting agent and through the endeavors of plaintiff ■ alone, securities of sufficient value to form the foundation *385 of a subsequent proceeding under which she successfully averted all loss upon the note of $3,300.
'Considered from the standpoint of these uncontroverted or conceded facts, the case presented is clearly one of an agent entitled to compensation, notwithstanding the principle that a mandate is presumably a gratuitous undertaking. For where, as in this instance, it is evident that the parties were practically strangers, not likely to perform friendly acts- for one another, and the services rendered are in fact onerous, prolonged and - valuable," an agreement to remunerate will be inferred. The well-established doctrine is that no express contract for compensation need be proved, it being sufficient if a promise to remunerate may be implied 'from the character of the services rendered and the situation and relation of the parties.
Beugnot vs. Tremoulet, 52 A., 461.
Stewart vs. Soubral & Tucker, 119 La., 211.
Heffner vs. Gabarino, No. 2864 of our docket.
Nor is the effect of these facts and circumstances overcome by the bare declaration, wholly uncorrobbrated, of defendant and her sister, that plaintiff volunteered to perform these services gratuitously. Their testimony is exaggerated and improbable and moreover is contradicted by defendant and another witness.
The. amount of remuneration demanded by plaintiff appears fair and reasonable in view of the character and value of the services rendered and it will be allowed.
It is accordingly decreed that the judgment be reversed and it is now ordered and adjudged that there be judgment for plaintiff against defendant for $250 with 5% *386 interest from this date until paid and the costs of both Courts.
Opinion and decree, May 8th, 1916.
Rehearing refused, May 29th, 1916.
Reversed.