No. ——

First Circuit

ROBBINS v. THE MENGEL CO.

(December 6, 1927. Opinion and Decree)

(*Syllabus by the Editor*)

1. **Louisiana Digest—Master and Servant —Par. 154, 158, 160 j.**

The Workmen's Compensation Act No. 20 of 1914, and amendments, should be

liberally construed in favor of the injured employee, but in order to recover he must show with certainty that the pains complained of were caused by injuries incurred while performing duties arising out of and in the course of his employment.

Appeal from the Parish of East Baton Rouge.    Hon. Wm. Carruth Jones, Judge.

Action by A. J. Robins against the Mengel Company.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Moise Thibodeaux and S. S. Taylor, of Baton Rouge, attorneys for plaintiff, appellant.

H. P. Breazeale, of Baton Rouge, attorney for defendant, appellee.

LECHE, J.  The plaintiff alleges that he was injured while in the employ of defendant, about the latter part of June, 1924, that defendant provided him with necessary medical attention, that he was able to return to his work about the beginning of July, 1924, and was again injured the latter part of July, 1924, while so engaged. That he, however, kept on doing light work for defendant until September, 1924, when he was summarily discharged.  He further alleges that the injuries thus received by him, have partially and permanently disabled him, and he demands compensation at the rate of Twenty dollars per week for a period not exceeding three hundred weeks, or Six thousand dollars.

The District Court rejected his demand and he has appealed.

Plaintiff's testimony discloses the fact that at the time he received his first alleged injury, he was treated by physicians of his own selection, that defendant paid all the expenses of the medical treatment and continued to pay his wages in full. That when he returned to work, his employers gave him lighter work and that he received a second injury the latter part of July, 1924.  It is shown that plaintiff was discharged for causes not connected with these alleged injuries, about the fourth of September, 1924, and that all the wages earned by him up to the time of his discharge were paid promptly and in full.

Defendant on the other hand claims and shows that it received no notice of the second injury and therefore knows nothing of it.

The injury of which plaintiff complains is to the muscles and ligaments of his back, known in medical parlance as the "sacro-iliac ligaments".

Plaintiff admits that previous to his employment by defendant, he had been injured while at work for the Natalbany Lumber Company, but this was of a minor character; that he had been injured by falling off a horse and that he had also been injured while enlisted in the United States Army at Pascagoula, Mississippi. Either of these last injuries might have caused the physical pain of which he complains.  He admits that since his injury he had been out deer-hunting, and that for several months he was employed as driver of a yellow cab, an automobile without a self-starter, and propelled by an engine which may only be set in motion by a hand crank, a task which requires a normal and healthy back.

It is also shown that since receiving the injury of which he complains, plaintiff, as a member of a benevolent fraternal organization, made demand upon that organization for sick benefits and that he was turned down for making false statements as a basis for his demand.

Doctor Watson, who was first consulted by plaintiff for the alleged injury received by him the latter part of June, 1924, could not say whether the injury was serious or only of a minor character. Doctor Coyt Moore, an osteopath, found no fractures or dislocations. Doctor Walton, another osteopath, could not say that plaintiff was partially or permanently injured. Doctor Robert found no objective symptoms of pain or injury. Doctor Lorio, who is also of high standing in the medical profession in the City of Baton Rouge and who made a most thorough examination of plaintiff, did not believe that plaintiff was either partially or permanently injured or disabled.

Our conclusion, after weighing all the testimony in this case, is that the record fails to show with any degree of certainty that the pains of which plaintiff complains, are caused by an injury which he received the latter part of June, 1924, while he was performing duties arising out of and during the course of his employment by defendant.

It is not sufficient to show that a claimant for compensation, under the Employers' Liability Act, suffers, and while conceding that the Act should be liberally construed in favor of the employee, it must, as a matter of common justice, be shown that the suffering arises from an injury received while in the employment of the employer.

The District Judge refused plaintiff's demand and the record shows no reversible error.

The judgment appealed from is affirmed.