No. 566

First Circuit

———

SUCCESSION OF ELODIE BURGIERRES

———

(December 30, 1929. Opinion and Decree.)

———

L. C. Bryant, of Jeanerette, attorney for opponent, appellant.

L. O. Pecot and S. O. Landry, of New Iberia, attorneys for administrator, appellee.

MOUTON, J. The deceased, Mrs. (widow) Elodie Burgierres, died in New Iberia in July, 1928, leaving a small estate which was sold to pay debts. A final tableau was filed upon which Mrs. Buteaud is carried as an ordinary creditor for $690, this amount being constituted of two items, $90 for board and lodging for the months of April, May and June and $600 for nursing during eight months at $2.50 per day. Several of the collaterals of the deceased filed an opposition to these charges.

The district judge in rendering judgment recognizing Mrs. Buteaud's claims refers to the well-established rule which holds that a mandate is not necessarily gratuitous, and that an agreement may be inferred to pay from the nature of the services rendered, and the relations of the parties. Suc. of Krekeler, 44 La. Ann. 726, 11 So. 35; Suc. of Fowler, 7 La. App. 207; Gaines vs. Suc. of Del Campo, 30 La. Ann. 245.

The learned counsel for opponents, as we understand the opposition, does not dispute the correctness of that doctrine so recognized in many decisions.

The ground of the opposition is that the charges for board and lodging are not due, are excessive and should be rejected or reduced.

The proof is that the deceased in the latter part of her life could not live alone in her little home in New Iberia, had no one to attend to her, and found a refuge

in Mrs. Buteaud's home where she was taken in, about four years before her demise. It was shown that out of a pension she was receiving, presumably as the widow of a Confederate veteran, deceased was paying $30 a month for board and lodging. The proof is, and to which there is no contradiction, that she paid all she owed Mrs. Buteaud for board and lodging, with the exception of the three months for which her estate is charged in favor of Mrs. Buteaud. There is no testimony to show, and no fact of record to suggest that the claim for that item is excessive or has ever been paid. It was therefore properly recognized by the court.

The main contention of the opponents is levelled against the claim for nursing at $2.50 per day. The proof shows clearly that during the last year of her life the deceased was old and practically an invalid. It is shown by Mrs. Buteaud that the deceased was most all of the time in bed during the eight months prior to her death. She says, and there is no evidence to contradict her, that she had to dress and undress Mrs. Burgierres, and had to be with her most of the time, night and day, to give her those little personal attentions which are usually required by the old and infirm.

Two ladies, neighbors of Mrs. Buteaud, testified that she took good and faithful care of the deceased, who they say, was an invalid for one year before her death. They both testified that the charge of $2.50 for these daily services to Mrs. Burgierres was unquestionably fair and reasonable, one of the ladies being a practical nurse. Hence, there is no ground for the rejection of these charges or for their reduction.

We find that the judgment dismissing the opposition, and decreeing the payment of Mrs. Buteaud's claim, is correct, and therefore affirmed.