## MOBLEY–ROSENTHAL, INC., v. WEISS
### et al. †
### No. 4666.

Court of Appeal of Louisiana. Second Circuit.
Feb. 5, 1934.

*Writ of certiorari denied by Supreme Court March 26, 1934.    † Rehearing denied March 2, 1934.

J. B. Nachman, of Alexandria, for appellant.

Hawthorn, Stafford & Pitts, of Alexandria, for appellees.

DREW, Judge.

Plaintiff sued for a commission as a real estate broker. It alleged that it was duly licensed and bonded under the laws of Louisiana to follow that trade which it had followed for some years prior to November, 1930; that during November, 1930, it began negotiations at the solicitation of defendants to secure a lessee for the brick building owned by them, located at No. 1001 Second street, at the corner of Second and Murray streets in Alexandria, La. It alleged that the services rendered by it in securing a lessee for said building was done at the express authorization and request of Morris J. Weiss, co-owner and agent in fact for the other co-owner; that, due to its efforts and representations, the lease of the building to one Louis Wellan for a term of four years and eight months, at a price of $11,600 or $200 per month, was consummated; that all negotiations between defendants and its now lessee were carried on through plaintiff, as a real estate broker, and the lease was consummated solely through its efforts; that, after consummation of the lease, plaintiff sent to defendants a statement or bill for its services in the sum of $348, being a commission of 3 per cent. of the total consideration, which was the commission uniformly and customarily charged in the city of Alexandria by real estate brokers; and that defendants refused to pay. Plaintiff further alleged that it was understood that it would receive the prevailing commission. It contends that it is entitled to recover under the contract above set forth, and, if not, in the alternative, it is entitled to recover on a quantum meruit.

Defendants in their answer deny that plaintiff was a real estate broker, alleging that they had dealt with it only as an insurance agency and without knowledge of it being engaged in the real estate business; that Bernie Rosenthal, of the plaintiff corporation, was the first to broach the subject of a lease, and suggested that he knew of a possible tenant for the building. They admit the execution of the lease and the instrumentality of Rosenthal in bringing the parties together. They deny any knowledge that he was acting for Mobley-Rosenthal, Incorporated, and assert that they thought, and were justified in thinking, that his interest was that of a friend; that his services were being given voluntarily and gratuitously in return for the large amount of insurance they had given him; that they, in appreciation, continued to favor him with the writing of their insurance.

Defendants claim that no statement claiming a commission was sent them by plaintiff corporation, and that none was mentioned by Rosenthal until six months after the execution of the lease. They allege further that, had they thought the matter was being handled as a commercial transaction and not gratuitously, they would, as no commission had been demanded of them, have been justified in believing that Rosenthal was looking to the lessee for his fee; that, had they been informed, as they should have been, of the intention of Rosenthal to charge them a commission, they would not have entered into the lease, as $200 per month net was the minimum rental that was acceptable to them; that Rosenthal, by his silence, wrongfully induced them to accept the lease in the belief that they would receive this amount net; and that accordingly he and his company are now estopped to recover the commission claimed.

The lower court rendered judgment in favor of defendant, rejecting the demands of plaintiff.

In this court, for the first time in this case, defendants contend that, as plaintiff has alleged on a contract, it cannot recover on a quantum meruit, even though it alleged and prayed for same in the alternative. Defendants did not except to the petition in the lower court, did not object to any evidence on that ground, and did not call on plaintiff to elect. If any such exceptions, pleas, or objections would have been good in the lower court, which we doubt, it is certainly too late now for defendants to complain on that ground. The petition sets out certain facts, and alleges those facts constitute a contract, and, if not in the alternative, it prays that under that statement of facts it is entitled to recover on a quantum meruit. There is no merit in defendants' contention.

In their brief, defendants narrow the question involved here in the following language: "There is no question between the

parties but that Rosenthal was the moving factor in bringing the lessors and lessee together, and contributed to the execution of the lease, the sole question being whether, under the circumstances, he is entitled to be paid when he led the defendants to believe that he was not expecting pay, but was doing them a favor as a friend. On this question the case was tried, and judgment rendered, dismissing plaintiff's demands and rejecting its suit, and from this judgment it has appealed."

Defendants admit that the president of the plaintiff corporation was the moving factor in bringing lessor and lessee together, and rightfully so, for the record discloses that the entire transaction between the lessor and lessee was handled, in so far as defendants are concerned, by the plaintiff, and that the only thing defendants had to do with the lease was to agree with the lessee on some minor improvements and to execute the lease a few days later.

The only defense set up is that defendants did not know plaintiff was engaged in the real estate business, and thought its acts were favors for which it did not intend to charge, due to the fact that defendants had given it part of their insurance business. We think there is very little merit to this defense. Plaintiff had been engaged in the real estate business for several years, advertised in the papers, its business stationery showed it to be so engaged, and its bill heads, on which defendants had received bills for insurance. It had been successful in putting over several large real estate deals, of which the local papers had carried accounts. The record, we think, discloses that it was generally known that plaintiff was engaged in the real estate business, and certainly should have been known to defendants—especially defendant Weiss, a prominent business man in the same town. Furthermore, it is difficult to conceive how a business man such as defendant Weiss could expect Mr. Rosenthal, the president of plaintiff corporation, to devote more than two weeks to secure a lessee for his building without expecting any pay for it. Defendants received the full benefit of plaintiff's services, and plaintiff is entitled to recover for its services.

Defendant Weiss admits that the lease was very advantageous, and that, after the real depression hit the city of Alexandria, if he had not had this lease, he could not have secured one so advantageous on the building that plaintiff had leased for him.

It is shown, and not disputed, that 3 per cent. of the full amount of a lease of this character is the customary charge by the realtors in the city of Alexandria, and it is a just price; and, since plaintiff performed the services with defendants' knowledge and consent, and defendants received the benefits, plaintiff is entitled to recover on a basis of 3 per cent. as a commission, or the sum of $348. Stewart v. Soubral & Tucker, 119 La. 211, 43 So. 1009; Harvey v. Winters, 1 La. App. 385; Waterman v. Gibson, 5 La. Ann. 672; Freeman & Freeman v. Torre Realty & Imp. Co., 157 La. 1093, 103 So. 334.

The judgment of the lower court is erroneous, and is therefore reversed, and plaintiff is now awarded judgment against defendants in the full sum of $348, with legal interest from judicial demand until paid, and all costs of court.