### HANSEN v. AHSEN et al. *
### No. 16462.

Court of Appeal of Louisiana. Orleans.

Nov. 30, 1936.

*Rehearing denied Dec. 14, 1936.

McCloskey, Moore, Morrow & Robert, of New Orleans, for appellant.

Joseph A. Scramuzza, of New Orleans, for appellees.

McCALEB, Jr., Judge.

Mrs. Laura H. Hansen, the plaintiff, filed this suit in the First city court of New Orleans against the defendants, Mrs. Fred W. Ahsen and Mrs. John J. Marshall, for the recovery of $298, alleging as follows:

That Mrs. Fred W. Ahsen is the widow, and Mrs. John J. Marshall is the daughter, of the late Captain Fred W. Ahsen, who died in the city of New Orleans on November 28, 1934; that the defendants have unconditionally accepted the succession of Captain Ahsen and have bound themselves to perform all of his obligations and·have taken possession of all of his assets; that the late Captain Ahsen was, for some years prior to his death, the owner of a farm situated in Plaquemines parish; that the plaintiff served as manager of Captain Ahsen's farm from October, 1929, until October, 1934. Plaintiff further avers that during the month of August, 1932, she purchased from the late Captain Ahsen a Jersey·cow; that the cow was kept on Captain Ahsen's farm with his permission; that some time after the purchase of the cow by the plaintiff, said cow gave birth to a calf; that the calf is now full grown. and is now on the premises·of the farm· with the mother cow. Plaintiff further charges that the older cow is worth the sum of $50 and that· the younger cow· is worth the sum of $75, and that due to the acts of the defendants she has been deprived of the use of these two cows for

a period of eight months and has suffered damages thereby in the sum of $65.

Plaintiff further charges that, during the last illness of the late Captain Ahsen, she served him as a practical nurse at his request from October 13, 1934, to November 6, 1934,'and from November 18, 1934, until his death on November 28, 1934, or a total of 36 nights; that the usual charge for such services is the rate of $3 per night; and that she is entitled to recover for her services the sum of $108, which sum has been demanded from the defendants without avail.

The defendants, in due course, answered the petition admitting that Captain Ahsen died as alleged in the petition, and further admitting that they have accepted his succession unconditionally and are liable for his debts. They deny, however, that they are indebted to the plaintiff in any sum whatsoever, and for further answer say that the plaintiff was never hired as a nurse or in any other capacity during the illness of Captain Ahsen, but that the plaintiff forced her presence into the sick room of Captain Ahsen over their objection and protest.

On the foregoing issues, the case was tried, and the lower judge, after hearing the evidence, dismissed the plaintiff's suit at her cost. Wherefore this appeal.

Inasmuch as the questions presented for our determination are purely ones of fact, it is necessary to review the evidence adduced at the trial below.

The plaintiff testified, in substance, that during the month of September, 1929, she was requested by the defendant, Mrs. Ahsen, to take charge of Captain Ahsen's farm, and that accordingly she became manager of the farm and remained as such until July, 1934. She says that during the year 1932 she was desirous of purchasing a cow, but was without sufficient funds to make such purchase, and that Captain Ahsen agreed to purchase a cow, sell it to her, and allow her to pay him the purchase price in installments. The cow cost $78, and the plaintiff states that she paid Captain Ahsen the amount thereof in monthly remittances. The cow remained on the farm of Captain Ahsen, and some time thereafter a calf was born, which calf has now fully matured. Plaintiff further states that Captain Ahsen recognized at all times that plaintiff was the owner of the cow and calf. Her testimony on this point is fully and amply corroborated by two disinterested witnesses, a Mrs. Wilhelmina Kueck, a niece of Captain Ahsen, and a Miss Marie Yrvoix. Both of these witnesses testified that during the time when Captain Ahsen was ill at the Touro Infirmary in New Orleans, he admitted, in their presence, that the cow and calf belonged to and were the property of the plaintiff.

The plaintiff further testifies, with regard to her claim for services rendered in nursing the late Captain Ahsen, that during the month of October, 1934, Mrs. F. X. Fenasci, a daughter of Captain Ahsen, requested her to visit Captain Ahsen at the hospital; that when she arrived at the hospital Captain Ahsen asked her to nurse him during his illness; and that she performed nursing duties each and every night for a period of 36 nights. Her testimony, with reference to the fact that she did render nursing services to Captain Ahsen during his last illness, is fully corroborated by Mrs. Keuck, Miss Yrvoix, and a Mrs. Laura Mersch.

The evidence of Mrs. Ahsen, one of the defendants, is negative. She merely says that at no time did her late husband tell her that certain personal property on his farm belonged to somebody else and that he never mentioned anything about the cows being owned by the plaintiff. She further relates that her husband did not tell her that he had sent for Mrs. Hansen for the purpose of having the plaintiff nurse him, and that she resented Mrs. Hansen's presence in the sick room.

Mrs. Marshall, the other defendant, testifies that her father told her that "everything down on the farm is ours, baby." She also says that she asked her father if he had hired Mrs. Hansen to nurse him and he replied that he had not; that, as a matter of fact, she and her mother resented the presence of Mrs. Hansen; and that she requested Mrs. Hansen to desist from nursing her father. She says, furthermore, that the family requested the attending physician and the hospital authorities to keep Mrs. Hansen away from the sick room and that these authorities informed them that they could not do anything about it. However, neither the doctor nor the officials of Touro Infirmary are produced to verify the witness' statement, and we must assume, under these circumstances, that if these parties were called that their testimony would have been adverse to the defendant's.

The testimony of Mrs. Fenasci, another daughter of Captain Ahsen, is similar to that of Mrs. Ahsen and Mrs. Marshall.

On the other hand, the testimony of Mr. Marshall, the husband of one of the defendants, is to the effect that he visited the hospital nearly every night while Captain Ahsen was there and that during all of his visits Mrs. Hansen was present only once.

■ The testimony of the plaintiff and her witnesses is decidedly impressive, whereas the evidence produced by the defendants is not only contradictory and conflicting, but, for the most part, of a negative character. We feel that Mrs. Hansen has overwhelmingly proved not only that she was the owner of the cows, but that she performed nursing services to Captain Ahsen during his last illness at his request. The trial judge was, therefore, obviously wrong in dismissing the plaintiff's suit.

Having found that there is liability in the premises, we must next determine the extent of recovery to be had by the plaintiff.

■ The only testimony with reference to the value of the cows is that of Mrs. Hansen herself, and she states that the older cow is worth $50 and that the younger one is worth $75. Her evidence on this point is not rebutted, and inasmuch as we find her story to be genuine, it is likewise our duty to accept her statement concerning the value of the cows. This case is to be distinguished from that of Andrews et al. v. Foster et al., 170 So. 563, decided on November 16, 1936, wherein we held that a plaintiff, suing for the value of an automobile alleged to be a total loss, could not abandon the car as such unless he proved by expert testimony that the automobile was actually worthless. In this case, Mrs. Hansen's testimony as to the value of the cows is pertinent and proper and, in the absence of rebuttal testimony showing that the cows are not of the value she places upon them, her statement is sufficient.

The claim of plaintiff for $65 damages for the loss of use of the cows is not supported by the evidence and it will therefore be disallowed.

Plaintiff's demand for $3 per night nursing services to Captain Ahsen for 36 nights is fully supported by her testimony and by that of Mrs. Mersch, and recovery will therefore be permitted.

For the reasons assigned, it is ordered, adjudged, and decreed that the judgment of the lower court be and it is hereby annulled, avoided, and reversed, and it is now ordered, adjudged, and decreed that there be judgment herein in favor of Mrs. Laura H. Hansen, the plaintiff, and against the defendants, Mrs. Fred W. Ahsen and Mrs. John J. Marshall, in the sum of $233, with legal interest from judicial demand until paid and all costs.

Reversed.

