## SUCCESSION OF PERES.

### Appeal of SALATICH.

### No. 16511.

Court of Appeal of Louisiana. Orleans.

May 3, 1937.

Porteous, Johnson & Humphrey, of New Orleans, for appellant.

Charles I. Denechaud and Ernest J. Robin, both of New Orleans, for appellee.

JANVIER, Judge.

Mrs. Rinauldo J. Salatich seeks recovery from the succession of Marie Julie Veronica Peres, alleging that during the last illness of decedent she rendered valuable services to her and expended various sums of money for her account. She alleges that many times the said Miss Peres stated that the services were well worth the sum of $10 per day and that on several occasions she promised that in her will ample provision would be made for Mrs. Salatich.

Defendant, the administratrix of the estate, contends that the services, if rendered, consisted of personal attention for which no monetary value can be fixed, and that, as to the expenditures which are alleged to have been made, the evidence, because of Act No. 11 of 1926, is not sufficient to permit recovery.

In the court below there was judgment adverse to Mrs. Salatich, and she has appealed.

In the matter of the claim of Dr. Salatich against this same estate, 174 So. 128, we have already discussed the effect of Act No. 11 of 1926, and have held that, by reason of section 2 thereof, where a claim is made against a deceased person, even though it may be made within the

year following the death, it must be supported by the testimony of at least one credible witness of good moral character besides the plaintiff. The fact that Mrs. Salatich made expenditures for account of the decedent is not shown by any evidence other than the testimony of plaintiff herself and, therefore, in view of that statute and in view of what we said in the matter of the claim of Dr. Salatich, no allowance can be made therefor.

But that services were rendered to the deceased is shown by many witnesses. It appears in the record that from March 8, 1935, to July 13, 1935, a period of more than four months, plaintiff was in daily attendance upon Miss Peres, and that this was at the request, if not on the demand and insistence, of the latter. It is true that plaintiff was neither a trained nor a practical nurse and that at the hospital at which Miss Peres was confined during that time there were nurses whose duty it was to perform for her all necessary services, and it is also probably true that it cannot be said that any of the services rendered by plaintiff were essential to the care or treatment which the surgeon and physician prescribed. It is also true that plaintiff probably did not expect to be compensated on a wage basis for her services, but rather actively anticipated that in Miss Peres' will would be found tangible recognition and appreciation of the attentions and ministrations. But the fact that promises to make testamentary recognition may have been the moving consideration for the rendering of the services does not prevent the presentation of a claim based on a quantum meruit now that the lively anticipation of favors to come has been replaced by bitter disappointment.

In Succession of Oliver, 184 La. 26, 165 So. 318, 321, the Supreme Court said:

"The action brought by the opponent, * * * is one on quantum meruit against the succession * * * for continuous services rendered. * * * The action is grounded upon the proposition that one who renders valuable services for another * * * on the promise of the one benefited that compensation for such services will be provided for in the last will of the person receiving the benefits * * * and where the promisor dies without making such provision, an action may be maintained for the value of such services against the succession of the deceased.

The following cases, and possibly others, support the claim of Lee on this point: Nimmo v. Walker, 14 La.Ann. 581, Succession of McNamara, 48 La.Ann. 45, 18 So. 908, and Succession of Palmer, 137 La. 190, 68 So. 405, 407."

See, also, Dauenhauer v. Succession of Browne, 47 La.Ann. 341, 16 So. 827; Succession of Burgierres, 12 La.App. 66, 125 So. 320; Succession of Krekeler, 44 La. Ann. 726, 11 So. 35; Succession of Fowler, 7 La.Ann. 207; Gaines v. Succession of Del Campo, 30 La.Ann. 245; Succession of Oliver, 184 La. 26, 165 So. 318; Hansen v. Ahsen (La.App.) 170 So. 799.

It is contended that the doctrine followed in the above-cited cases has application only to services actually necessary, and cannot be extended to cover personal ministrations which are not essential, however much they may add to happiness, comfort, and peace of mind. Conceding that no allowance should be made for such services, if purely voluntary, because of impossibility of actual appraisal of their value—and we do not so concede—still, we think that where the services are rendered as the result of insistent demand, there should be monetary compensation therefor, however difficult it may be to arrive at a fair valuation thereof. That there was such insistent demand on the part of Miss Peres for the attention of Mrs. Salatich the record conclusively shows. Various witnesses refer to the fact that when Mrs. Salatich did not appear at the hospital at the customary time Miss Peres insisted that some one 'phone for her to come at once. The record also shows that when the ambulance called at the residence of Miss Peres to remove her to the hospital she refused to permit herself to be placed in it unless Mrs. Salatich would accompany her.

We conclude that, although the services rendered may not have been essential, they were, nevertheless, required by Miss Peres, and the rendering of them was no doubt onerous and burdensome to Mrs. Salatich. However, she should not be permitted to recover the amount which would have been allowed to a trained and registered nurse. We take into consideration the period of time involved, more than four months; that the services consisted of visits for periods of hours, at least one each day, and many times two a day; and we conclude that for such serv-

ices an award of $300 should do substantial justice both to the plaintiff and to those who will inherit the estate of the decedent.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is annulled, avoided, and reversed, and that there now be judgment recognizing Mrs. Rinauldo J. Salatich as an ordinary creditor of the estate of Marie Julie Veronica Peres in the sum of $300, with legal interest from judicial demand. All costs to be borne by the estate.

Reversed.