This is a suit by a real estate agent to recover a commission from the defendant for services performed by him in securing for defendant a ten-year lease on property owned by Firemen's Charitable and Benevolent Association of New Orleans.
The defense in the case is that it was agreed and understood between plaintiff and defendant that the lessor, Firemen's Charitable and Benevolent Association of New Orleans, was to pay whatever commission was due plaintiff and that defendant was not to incur any responsibility therefor.
In the lower court there was judgment in favor of plaintiff fixing the value of his services at $600. Defendant has appealed.
This case is a sequel to the matter of Doll v. Firemen's Charitable and Benevolent Association of New Orleans, decided by this court and reported in 8 So.2d 156. The record in that case (which was offered in evidence) and the testimony adduced at the trial below disclose the following facts which are not seriously disputed by the parties. *Page 314 
During the spring of the year 1940, the defendant, Albert Weiblen Marble Granite Co. Inc., having sold the real estate upon which its business had been conducted to a concern engaged in war industry, was desirous of leasing certain property owned by Firemen's Charitable Benevolent Association of New Orleans which was situated in the vicinity of City Park. Upon consultation by defendant with its attorney, Mr. Edward Rightor of New Orleans, in regard to this matter, it was suggested by Mr. Rightor that plaintiff, Mr. Doll, a well known real estate agent, would be the ideal person to handle the transaction inasmuch as he was well acquainted with the officers of the Firemen's Association. Accordingly, Mr. Doll was contacted by defendant and he immediately undertook the task of obtaining the desired lease. At that time, there was nothing said by either of the parties with respect to defendant's liability to Mr. Doll for a commission in the event he was able to secure the lease. After a series of negotiations between the Firemen's Association and Mr. Doll, the former agreed to lease its property to the defendant, on terms and conditions satisfactory to both parties, and Mr. Rightor, as attorney for defendant, prepared the lease for the parties' signature. At the time the lease was prepared, but before it was signed, Mr. Rightor, in the presence of Messrs. Albert and John Weiblen, asked Mr. Doll whether he had made any arrangements concerning the payment of his commission. To this query, Mr. Doll replied that he had arranged with the Firemen's Association to pay his commission and further stated that it was customary, in transactions of that sort, for the owner of the property to assume that responsibility.
After the lease was signed, Mr. Doll made demand on the Firemen's Association for payment of his commission. Upon its refusal to accede to his demand, he brought suit against it on a quantum meruit to recover the commission allegedly earned by him. During the trial of that case in the lower court, Mr. Doll testified that he had a verbal contract with the officers of the Firemen's Association, whereby it was agreed and understood that the association would pay him a 5% commission on the total amount of money payable under the lease contract with the Weiblen Company. The testimony of Mr. Doll was denied by the officers of the association and judgment was rendered by the lower court dismissing his suit. Thereafter, Mr. Doll appealed to this court, where the judgment of the trial court was affirmed. When the case was heard in this court, Mr. Doll's attorney maintained that the Firemen's Association was liable on a quasi contract for the services rendered to it by his client, notwithstanding the testimony given by Mr. Doll that there was an express oral agreement on the part of the officers of the Firemen's Association to pay him a commission of 5%. In the opinion rendered by this court (see 8 So.2d 156), we undertook to discuss and decide both phases of Mr. Doll's claim. We expressed the view that he could not recover on the theory that there was a quasi contract for the reason that he had not been employed by the Firemen's Association as its agent, since the evidence showed that the Weiblen Company had initially secured his services. We also considered his right to recover under the asserted express oral agreement on the part of the Firemen's Association to pay him a commission of 5% and held that he had failed to prove his case on that score by a preponderance of evidence for as much as his testimony, concerning the agreement, had been successfully rebutted by the denials of the officers of the Firemen's Association. After our judgment had become final, Mr. Doll applied to the Supreme Court for writs of certiorari and review. His application was denied.
Thereafter, on September 17th 1942, Mr. Doll filed the present suit against Weiblen Company claiming that he is entitled to recover a commission from it.
Defendant, as we have above set forth, concedes that it employed Mr. Doll and that he performed the desired services. But it proclaims that it is not responsible to him for the reason that, in spite of his employment, it was specifically understood and agreed that it would not be liable for his commission and that he would look solely to the Firemen's Association for recompense. The evidence of Mr. Rightor and Messrs. John and Albert Weiblen establishes defendant's contention as a fact. Mr. Doll does not challenge the truthfulness of their statements in any respect. In fact, in testifying on his own behalf, he states that he had an agreement with the Firemen's Association whereby the latter was to pay him a 5% commission. In explanation, however, he says that he made that agreement for the sole purpose of saving *Page 315 
his principal (Weiblen Company) this expense.
The question therefore is whether, under these circumstances, the defendant is responsible to plaintiff. While it is the general rule, in the common-law states, that one employed as agent to perform services for another is entitled to compensation even though there be no express promise on the part of the principal to pay (see 3 Corpus Juris Secundum, Verbo Agency, § 175, page 66), this rule does not ordinarily obtain in Louisiana for the reason that Article 2991 of the Civil Code provides that "The procuration is gratuitous unless there has been a contrary agreement." However, our Supreme Court, in interpreting Article 2991, has held that it is not necessary to show an express agreement to pay in order to render a principal liable to his agent for services performed and that, where the nature of the business, the work done and other considerations make it evident that the parties intended that compensation would be due and payable, recovery will be permitted. See Succession of Krekeler, 44 La.Ann. 726, 11 So. 35; Succession of Fowler, 7 La.Ann. 207 and Stewart v. Soubral Tucker, 119 La. 211, 43 So. 1009.
Let us, therefore, investigate the facts of the case at bar to ascertain whether it can be fairly said that the employment of Doll falls within the exception to the general rule in this state that the procuration is gratuitous unless the nature of the employment is such that the parties intended it to be otherwise. Messrs. John and Albert Weiblen, the representatives of defendant company who engaged the services of Mr. Doll, state that they never contemplated or expected to pay him a commission for procuring the lease for the reason that it is the custom in New Orleans, in transactions of this kind, for the owner or lessor to pay the commission of the real estate agent. Mr. Doll does not dispute this testimony. In fact his previous suit against the Firemen's Association was based, in part, on the theory that the custom prevailing in New Orleans respecting the liability of the vendor or lessor for the agent's commission should be enforced. And, in that case, he testified that he had no claim against Weiblen Company.
Hence, in view of the fact that both the principal and the agent did not contemplate any liability on the part of the principal for the agent's recompense, it cannot be said that the parties intended that the agency was other than gratuitous.
But aside from this, there is another, and perhaps a stronger, reason why the plaintiff cannot prevail. This is because the plaintiff, prior to the time the lease was made, told the officers of the defendant company and their attorney that the Firemen's Association had agreed to pay him the commission and that defendant was not liable therefor. Under the circumstances, we would not be authorized, even under the rule prevailing in the common-law states, in holding defendant liable because there was an express agreement to the contrary. In 3 Corpus Juris Secundum, Verbo Agency, § 175 (b), page 67, it is stated:
"In the absence of an agreement to the contrary, the person who employs an agent is the person liable for his compensation."
Here, the evidence shows an express agreement by Mr. Doll to obtain his commission from the Firemen's Association. As a consequence, defendant is not liable to him.
There was raised in the lower court the question of whether plaintiff was judicially estopped from proceeding against the defendant because of the previous claim he had asserted against the Firemen's Association. In view of the conclusion we have reached, it is unnecessary to consider this question.
Much is said by plaintiff's counsel, in oral argument and in brief, about the inequities which will result in this case in the event plaintiff's right to recover is denied, inasmuch as it is not disputed that plaintiff performed valuable services which rebounded to the benefit of the defendant. But the mere fact that plaintiff finds himself in the position of being unable to collect a commission from either party to the lease does not authorize us to condemn the defendant for plaintiff's commission as it it clear that neither plaintiff nor defendant contemplated that defendant would be liable. In truth, the predicament in which plaintiff now finds himself is due primarily to his own neglect or lack of business judgment in failing to make it certain that he was adequately protected for his commission at the time the lease was confected.
For the reasons assigned, the judgment appealed from is reversed and it is now ordered that plaintiff's suit be dismissed at his cost.
Reversed. *Page 316